## WALKER vs. GREENE.

1. A liability evidenced by a written contract cannot be discharged by an executory parol agreement.

ERROR to the Circuit Court of St. Clair.

Tried before the Hon. THOMAS A. WALKER.

This was an action of ASSUMPSIT by the defendant in error against the plaintiff in error, to recover the amount of a promissory note for $200, made by the defendant and one Burwell Sellars.

On the trial a bill of exceptions was allowed, by which it appears, that the defendant below offered proof tending to show, that soon after the maturity of the note, and while Burwell Sellars, the co-maker, was still in the country, he made an agreement with the plaintiff, that the defendant was to cut two pair of mill rocks for the plaintiff, according to particular dimensions to be furnished by the plaintiff, estimated to be worth forty dollars, and said mill rocks were to be taken in full discharge of defendant's liability on said note; that, sometime after this agreement was entered into, the plaintiff came into the neighborhood where defendant and Sellars lived, and said he was going to give defendant the measures for the rocks, but he departed without doing so; that the defendant remained, from the time of the agreement up to the time of trial, in the county, and still resides there. There was no proof that the rocks had been cut or delivered

to the plaintiff, or that the measures had been furnished by the plaintiff to the defendant.

The bill of exceptions states, that there was other proof in the cause, and conflicting, but does not state what.

"On this state of facts, the court charged the jury, that, if the plaintiff had agreed to receive, and had actually received the mill rocks, in discharge of defendant's liability, then he could not recover; but if he had never received the rocks, and they were of much less value than the note, although he might have agreed to receive them, then they must find for the plaintiff."

To this charge defendant excepted, and asked the court to charge the jury, "that, if they believed from the proof that the plaintiff had agreed with defendant to receive two pair of mill rocks, notwithstanding the rocks were of much less value than the note, to be cut by the defendant, the measures of which were to be afterwards furnished by plaintiff, which rocks were to be in full discharge of defendant's liability on said note; and if plaintiff had never furnished the measures of said rocks, and in the meantime said Sellars had left the county, defendant all the while remaining in the neighborhood where the rocks were to be cut, then plaintiff could not recover, and they must find for the defendant." This charge the court refused to give, and the defendant excepted.

The charge of the court as given, and refusal to charge as prayed, are here assigned for error.

B. T. POPE, for plaintiff in error.

G. HEWITT, *contra*.

GIBBONS, J.—The principle which necessarily controls the questions arising upon the bill of exceptions in this case, is, that a liability evidenced by a written contract cannot be discharged by an executory parol agreement. Adams v. Nichols, 19 Pick. 275. It is unnecessary in the present case, to decide whether the contract which the defendant's evidence tends to show, and on which he relied for his defence, was valid or not. Conceding it to be valid, until it was executed it could afford no defence to the note. The charge of the court as given to the jury seems to recognize this principle,

whilst the charge prayed by the defendant denies it. It follows, therefore, that there was no error in the charge given, and that the charge asked was properly refused.

The judgment of the court below is consequently affirmed.