## JOHN WYNN v. R. D. COONEN.

(153 N. W. 980.)

**Written lease — balance of rent due in action to recover — defense — new oral contract — evidence of — verdict — direction of by court.**

1. In an action to recover a balance due as rent under a written lease, the sole defense interposed is that such contract, shortly after it was made, was modified and superseded by an oral agreement between the parties. *Held,* that there is no competent testimony in the record in support of this defense, and the trial court properly directed a verdict in plaintiff's favor.

**Written lease — superseded by oral contract — without consideration — unexecuted.**

2. Such alleged oral agreement was without consideration, and, further-

---

Note.—The decision in this case that evidence of a subsequent unexecuted parol agreement is not admissible to vary the terms of a written contract is in accord with the general doctrine as shown by a review of the authorities in a note in 56 Am. St. Rep. 659.

more, a written contract, in so far as it is executory, cannot be modified or superseded by an unexecuted parol agreement.

Opinion filed June 19, 1915.

Appeal from District Court, Burleigh County; *W. L. Nuessle,* J. From a judgment in plaintiff's favor, defendant appeals.

Affirmed.

*F. E. McCurdy,* for appellant.

A written agreement may be subsequently abrogated, superseded, or modified by parol. First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Jones, Ev. 442.

Upon the trial of an action involving such issue, and where the evidence is conflicting, the question is one for the jury. Simmons v. McConville, 19 N. D. 787, 125 N. W. 304.

*John Carmody* and *Alfred Zuger,* for respondent (*B. F. Tillotson* and *J. E. Campbell,* of counsel).

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Comp. Laws, 1913, § 5938; Reeves v. Bruening, 13 N. D. 157, 100 N. W. 241; Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Annis v. Burnham, 15 N. D. 577, 108 N. W. 549; McCulloch v. Bauer, 24 N. D. 109, 139 N. W. 318.

A conflict in the evidence that prohibits the court from interfering with the verdict of the jury on a question of fact must be a substantial, and not an illusory, conflict. Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359; Fletcher Bros. v. Nelson, 6 N. D. 94, 69 N. W. 53.

Fisk, Ch. J. Plaintiff, who is the owner of certain real property in the city of Mandan, leased the same to the defendant for the period of one year at the agreed rental of $780 per year, payable at the rate of $65 per month in advance, and he seeks by this action to recover a balance claimed to be due him on such lease. He had judgment in the court below pursuant to a verdict directed by the court, and the defendant has appealed to this court alleging certain errors, all of

31 N. D.—11.

which challenge the correctness of the court's ruling in directing a verdict. The sole question for our determination, therefore, is whether there was any competent evidence in support of defendant's defense sufficient to require a submission thereof to the jury.

The facts are not seriously in dispute, and are briefly as follows: The lease was in writing and is dated April 6, 1912. It is in the usual form and contains, among other things, a stipulation that should the lessee fail to pay the rent as provided therein or fail to fulfil any of the covenants therein recited, the lessor shall have the right to re-enter and take possession of the premises and hold and enjoy the same without such re-entering working a forfeiture of the rents to be paid and the covenants to be performed by the lessee during the full term of the lease. Defendant took possession under such lease on April 10, 1912, and remained therein, paying the rent until June 1st, when he sold his furniture and assigned his lease to one H. H. Landers, who entered into possession and remained therein, paying rent for the months of July and August. Thereafter Landers turned the property over to one Nolton, who paid rent for a short time, after which he turned the premises over to one Young, who paid the rent from November 20th to December 1st, and $35 to apply on the December rent. The latter removed from the premises on January 12th, when plaintiff took possession and leased the same to one Messmer for the balance of defendant's term at the rate of $60 per month. After giving defendant credit for all sums received as rent, a balance remains due of $161.10, for which amount, with interest, a verdict was directed in plaintiff's favor.

The sole defense urged by defendant is that on or about the time defendant turned the premises over to Landers the terms of the written lease were modified by a parol agreement between the parties, whereby the defendant was released from his obligation to pay rent under such contract on condition that he should be held bound as a surety to pay the same only in the event Landers, or other tenants, defaulted and prompt notice of such default should be given to him, and he claims that plaintiff gave no such notice until about the date of the expiration of the lease. Defendant introduced certain testimony tending to prove the above facts, but the same was thus introduced over the plaintiff's objections, which we think were well taken.

We fail to discover any consideration to support such alleged parol agreement. Furthermore, it nowhere appears that the same was ever executed, and it is well settled that a written contract, in so far as its executory provisions are concerned, cannot be modified by an unexecuted parol agreement. This rule is statutory in this state. Sec. 5938, Comp. Laws 1913. Moreover, the testimony of the defendant himself discloses that plaintiff expressly refused to release him from his obligation to pay rent under the contract, for he says that he offered plaintiff $40 if he would do so, which offer plaintiff refused.

Even if appellant's contention that there was a parol modification of the written lease could be upheld, we do not see how it would avail him, for under such alleged modification defendant was still to be held responsible for the payment of the rent, and the fact that his responsibility was to be that of a surety merely would not operate to exonerate him. It is undisputed that default was made in the payment of the amount sued for, and it nowhere appears that plaintiff did or failed to do any act which would operate to release defendant from his obligation to pay such rent.

In conclusion, we find no merit in appellant's contentions, and we think the trial court, in view of the record, was amply justified in directing a verdict.

The judgment is accordingly affirmed.