FIRST NATIONAL BANK OF WILLISTON, a Corporation, Appellant, v. EMMA C. BURDICK, Respondent.

(200 N. W. 44.)

**Appeal and error — sufficiency of evidence properly before appellate court after denial of motions for judgment non obstante and for directed verdict.**

1. Where the plaintiff, after the testimony has all been taken, moves for a directed verdict, which motion is denied pursuant to the statute, and follows seasonably with a motion for judgment notwithstanding the verdict, which motion is also denied, and thereafter appeals from the judgment, upon the ground, among others, that the evidence is insufficient to support the verdict, the question of the sufficiency of the evidence to support the verdict is properly before this court for review.

**Bills and notes — executory parol agreement with person not party to accept property instead of money no defense to person primarily liable.**

2. An executory parol agreement with a person not a party to the instru-

Note—(3) Note of third person as collateral, see annotation in 35 L.R.A.(N.S.) 18; 21 R. C. L. 83.

ment, to discharge a promissory note past due, by accepting property instead of money, constitutes no defense in a suit upon the note against the person primarily liable thereon. Such an agreement is unenforceable by anyone until fully performed by delivery and acceptance of the property pursuant to the agreement.

**Bills and notes — delivery of notes by debtor to creditor presumed as collateral and not payment.**

3. Where a person, who is indebted to the plaintiff in a large sum of money, and for whose accommodation a note for $5,000.00 was executed by another person, such note being held by the plaintiff as payee, delivers a quantity of promissory notes to the plaintiff, it is presumed, in the absence of evidence, that such notes are accepted and retained as collateral to existing indebtedness and not in payment thereof.

**Bills and notes — delivery of other notes not defense when payee without objection took them as collateral.**

4. Where a parol agreement is entered into between a person, not a party to a negotiable instrument and the payee thereof, wherein the payee promises to select notes from a quantity of promissory notes, to be later delivered, in payment of such instrument then long past due, and where, thereafter, a quantity of promissory notes is brought to the office of plaintiff, and after conversation and discussion, the payee makes no selection from such notes, but takes all the notes and says he will hold them as collateral and gives no credit on the note of the accommodation maker, pursuant to the prior understanding, and where no protest is made against this conduct, and where the party accommodated subsequently makes payments upon the accommodation note and in all respects treats the same as the subsisting obligation of the accommodation maker, the accommodation note is not discharged and such a transaction does not constitute a defense in a suit against the accommodation maker by the payee.

Opinion filed August 14, 1923. On rehearing September 13, 1924.

Appeal and Error, 3 C. J. § 746 p. 839 n. 40; § 906 p. 985 n. 34. Bills and Notes, 8 C. J. § 411 p. 263 n. 66; § 428 p. 274 n. 83; § 787 p. 566 n. 99; § 801 p. 575 n. 92; § 806 p. 579 n. 51; § 815 p. 582 n. 88; § 854 p. 615 n. 56; § 1317 p. 1012 n. 77 New; § 1365 p. 1057 n. 99, p. 1058 n. 5.

Appeal from a judgment of the District Court of Williams County, *Moellring, J.*

Reversed.

*Fisk & Taylor,* for appellant.

Conceding that the statement of the defendant as to what occurred

between them when the mutual accounts were gone over is true, although disputed by the evidence of the plaintiff's witness, it is insufficient to show an accord and satisfaction. Webster v. McLaren, 19 N. D. 751, 123 N. W. 395 and cases cited therein.

The plea or answer must show an execution of the accord and must allege that the matter was accepted in satisfaction. 1 R. C. L. 202, 203 and cases cited.

A motion for judgment notwithstanding the verdict should not be granted, unless it appears fairly that the defect in pleading or insufficiency of evidence, cannot be supplied on another trial. Webster v. McLaren, 19 N. D. 751, 123 N. W. 395.

Judgment notwithstanding the verdict may be ordered only where it clearly appears from the whole record that the party who moves for such judgment is entitled to a judgment on the merits as a matter of law. Sheffield v. Stone-Ordean-Wells Co. (N. D.) 190 N. W. 315.

*Burke & Burdick* (*A. J. Knox,* of counsel), for respondent.

In order to constitute an estoppel it is not sufficient to show that the language, acts or conduct of one party might have misled the other to his prejudice, but it must affirmatively appear that the latter was, in fact, misled or induced thereby to do something that he would not otherwise have done. 89 N. W. 1020.

The distinctive feature of an accord and satisfaction lies not in the new promise itself, but the performance of the new promise that is accepted as a satisfaction. 8 R. C. L. 178, § 2.

In those states which have adopted the Code system of pleading, accord and satisfaction must, in all cases, be pleaded specially; but notwithstanding its requirement, the weight of authority is that any objection to the failure of defendant to plead it specially is waived by not objecting to evidence of it, because of such failure. 1 Cyc. 341.

The sufficiency of the Answer must be raised by demurrer, or by objection to the introduction of testimony. Webster v. McLaren, 19 N. D. 751.

Accord and satisfaction always requires a new agreement and usually that it be performed. It must ordinarily be an executed agreement founded upon a new consideration. 148 N. Y. 326.

An accord is an agreement for giving and taking a thing in satisfac-

tion; the satisfaction is the actual giving and taking of such thing. Bragg v. Pierce, 53 Me. 65.

An accord and satisfaction results when a contract is substituted for an old one between the same parties and the new one is fully performed. Continental Nat. Bank v. McGogh, 66 N. W. 606.

But it is not absolutely necessary in all cases to an accord and satisfaction that the new agreement of the parties be performed. If the new agreement is actually intended to be a complete substitute for and to extinguish the old contract, it is in and of itself an accord and satisfaction. Hall v. Smith, 10 Iowa, 45.

Where no motion for a new trial is made the sufficiency of the evidence to substantiate the verdict cannot be reviewed. Landis v. Knoantz Co. 17 N. D. 310.

If there is such evidence as would cause reasonable men to draw different conclusions, the case should be submitted to the jury. Jones, Ev. § 174.

A motion for judgment notwithstanding the verdict will not be sustained in a case where there is an issue for the jury to pass upon under the evidence. Nelson v. Grondahl, 12 N. D. 130.

Judgment notwithstanding the verdict is not warranted in every case where a directed verdict has been erroneously denied. Meehan v. G. N. R. Co. 13 N. D. 433.

Where no motion for a new trial is made, the sufficiency of the evidence to sustain a verdict cannot be reviewed. Landis Mach. Co. v. Konantz Co. 17 N. D. 310.

JOHNSON, J. This is an appeal from a judgment of the District Court of Williams County, in favor of the defendant and entered upon the verdict of a jury. Motions for a directed verdict and for judgment non obstante were denied.

The suit was brought by the plaintiff against the defendant upon a promissory note in the usual form. The note is dated June 2, 1921, in the sum of $2,900.00, due December 2, 1921. The complaint is in the usual form. The defendant answered, admitting the execution of the note, but alleging, in effect, that it was an accommodation note and that the defendant received no consideration therefor. The defendant further alleged that, after the taking of this note, which was a second

renewal of an original note for $5,000.00, dated January 13, 1920, due in ten days, again renewed December 2, 1920, in the sum of $2,-766.00, payable on demand, one U. L. Burdick, the person for whose accommodation the note was executed, delivered to the plaintiff to-wit, on or about the middle of May, 1920, several thousand dollars worth of promissory notes, with the intention and upon the express agreement between the parties, that is, U. L. Burdick and the plaintiff, that such notes would be accepted by the plaintiff in satisfaction and payment of the original note for $5,000.00, dated January 13, 1920. On this transaction the defendant bases her claim of accord and satisfaction. By stipulation of the parties, at the conclusion of the trial, the only question submitted to the jury was whether U. L. Burdick and the plaintiff entered into an agreement as alleged in the answer, to the effect that the $5,000.00 note be discharged and the defendant released from liability thereon, and whether the promissory notes hereinbefore referred to were delivered and received pursuant to such agreement.

The only issue in the case, therefore, is an issue of fact, and the only question for this court to determine is whether there is substantial evidence in the record from which the jury would be warranted in finding that an agreement was, in fact, entered into as alleged in the answer, resulting in the discharge of the defendant from liability on the note in suit.

At the threshold of the case, we are confronted with a question of practice. Respondent strenuously contends that, this being an appeal from the judgment, and no motion for a new trial having been made, this court cannot review the sufficiency of the evidence to support the verdict. This contention cannot be sustained. A motion for a directed verdict was made, seasonably followed by a motion non obstante on the same grounds, one of which was the sufficiency of the evidence to support a verdict for defendant. This matter was fully considered in the case of Rokusek v. National Union F. Ins. Co. 50 N. D. 123, 195 N. W. 300, recently decided by this court, where we arrived at a conclusion contrary to respondent's contention.

The defendant is primarily liable on the instrument, although, at the time the instrument was taken, it was known to the payee that it was for the accommodation of U. L. Burdick. Comp. Laws, 1913, § 6914 (29).

A negotiable instrument may be discharged in the manner prescribed in § 7004, Comp. Laws, 1913 (119): (1) by payment in due course by or on behalf of the principal debtor: (2) by payment by the party accommodated, where the instrument is made or accepted for accommodation: (3) by the intentional cancellation thereof by the holder: (4) by any other act which will discharge a simple contract for the payment of money: and (5) by the principal debtor becoming the holder of the instrument after maturity in his own right. It is not contended that the plaintiff renounced its rights under the instrument against the maker, defendant herein, within the provisions of § 7007 (122). It would seem, therefore, that the defendant, under the facts in this case and the theory on which it was submitted to the jury, in order to escape liability on the note, must show that the instrument has been discharged within the provisions of § 7004, Comp. Laws. 1913 (119).

It is clear that the instrument has not been discharged by any act that comes within Subdivisions Three or Five of Section 7004 (119). Here the party accommodated was U. L. Burdick. It is alleged in the answer that Mr. Burdick delivered to the plaintiff, and that the plaintiff accepted, certain promissory notes under an agreement to discharge the original note, of which the note in suit is the second renewal, and that thereby the defendant and the instrument itself were discharged. The theory is that the evidence brings the defendant within one or all of subdivisions 1, 2 and 4 of the foregoing section. The case, therefore, turns entirely upon the testimony with reference to the nature of the agreement between Mr. Burdick and the plaintiff, involving the delivery and receipt of certain promissory notes and the effect of that transaction upon the original $5,000.00 note. If there be any substantial evidence in the record sufficient to support a finding by the jury that there was an agreement to accept the promissory notes delivered by Mr. Burdick, in payment of the original $5,000.00 note, and an acceptance of such notes in fact pursuant to such agreement in payment thereof, or if that transaction was such as to give rise to an agreement of accord and satisfaction in behalf of the defendant, a third party, and enforceable by her, then the judgment should not be disturbed and the verdict must stand. This brings us to a considera-

51 N. D.—33.

tion of the testimony in the record bearing upon this, as we deem it, the crucial question in the case.

The witness U. L. Burdick testified that in the fore part of May, or the last part of April, 1920, Mr. Davidson, who was vice president of the plaintiff · bank, told him that if witness would bring his collateral paper, he would select from it a sufficient amount of the paper to substitute and take up the note of the defendant and the same could be delivered back to her. "In accordance with that conversation, I brought, as I have stated, a note pouch with several thousand dollars worth of paper to the bank and spread the notes out on the desk of Mr. Davidson. He made some inquiries about the notes and I am able to state at this time that the following notes were in that bunch of collateral: (here follows a list of the notes, aggregating upon their face about $7,400.00.) I talked the matter over with Mr. Davidson about the notes. *He gave me no credit on the note of Mrs. Burdick or on any other note, but he gathered up the notes and said those might as well be held as collateral and stated that I owed· all of it anyhow and it didn't make any difference.* I think within the next two or three days, or it might have been a week, I received a list of that collateral. The agreement, before I took the paper down there, was that he would do it and then, when I got there, he took the paper. I figured that when they took it (the paper) that they did just as they said they would do. I considered that that was an agreement on the part of the bank to take that paper and release Mrs. Burdick and an acceptance of that kind would be a payment of Mrs. Burdick's paper. This settlement that I made in May with Mr. Davidson pretended to release Mrs. Burdick from her obligation because that is the agreement I entered into with Davidson before I delivered the paper; or I would never have delivered it."

The witness further testified that he was, at the time of the trial, under the impression that he paid $1,878.00 in cash on the original note of $5,000.00, which was the subject of discussion between himself and Mr. Davidson, *a day or two after* the collateral or notes were delivered, according to his prior conversation with Mr. Davidson, heretofore set out. Witness further testified that the $5,000.00 note was not 'to be released or surrendered without payment or without other arrangements by him with a certain bank in· St. Paul. Witness further

testified that he "gave the defendant a mortgage in July, 1920, after the alleged settlement with Mr. Davidson, to secure Mrs. Burdick on account of this particular note." He testified that he was, at the time he gave this mortgage, absolutely satisfied that the bank had not released Mrs. Burdick from liability on her note. He paid Mrs. Burdick about $400.00 in cash and gave her notes for about $1,000.00, still in her possession at the time of the trial, in order to protect her under this note. All this happened after the alleged transaction which it is claimed resulted in a discharge of the instrument and of the defendant thereunder. This witness further said: *"I considered all of those notes, if they wanted to figure it that way, collateral to what I owed the bank.* But I owed the bank not only the $9,000.00, but her (defendant's) note of $5,000.00. If you want to figure it collateral, I agree; that is all right. I don't know as I figured it that way, but I was forced to figure that they held all of this collateral as collateral to my indebtedness, but in this indebtedness I included Mrs. Burdick's indebtedness."

Exhibit "C" is a list of collateral dated May 13, 1920, and presumably is the list or statement to which the witness Burdick made reference. Upon this list appear all the notes which he enumerates in his testimony as having been brought by him pursuant to a prior arrangement with Mr. Davidson, and delivered to the bank. These notes aggregate $7,451.00. The other notes on the list aggregate $4,036.50. It therefore appears, according to this exhibit, that the total amount of collateral held by the bank on May 13, 1920, was $11,487.50, securing an indebtedness due from the witness Burdick of over $9,000.00, to which we may add the $5,000.00 note, which he claims was his own indebtedness, making a total indebtedness of over $14,000.00. Exhibit "C" contains upon it the following notation: "Received of U. L. Burdick the following described notes, pledged as collateral to any or all of his indebtedness with the First National Bank of Williston, North Dakota." Then follows a list of notes, with the address of the maker, the date when made, the date when due, the rate of interest, the amount and the names of indorsers, if any. This is signed "First National Bank of Williston." Mr. Burdick testifies with reference to this exhibit: "I presume this was the list I received a few days later with that notation on top of it. They had a chance

to put the notation there if they wanted to." Mr. Burdick further says that he knew, as early as July, 1920, that the bank had not released Mrs. Burdick.

Mr. Davidson testified, both on cross-examination under the statute and as a witness for the plaintiff, to the effect that there was no agreement such as is alleged in the answer to release the defendant from liability on the note or to discharge the instrument, his position being, in substance, that promissory notes, on the occasion referred to by Mr. Burdick and on other occasions, were delivered as collateral to the indebtedness of the witness to the bank, which amounted, at the time, to about $9,000.00.

The foregoing is substantially all of the testimony in the record with reference to the transaction that took place between the vice president of the bank and Mr. Burdick. It is upon this testimony that the case turns. Is this testimony, taken as true, as a matter of law, sufficient to support a finding by the jury that the note was in fact paid and discharged by the delivery and receipt of the notes as alleged in the answer and testified to by Mr. Burdick?

There is no claim that the note was paid in money, according to its terms; if paid in another medium, it must have been by agreement of Mr. Burdick to give, and of the bank to accept, such medium in satisfaction of the debt; and that other medium must have been actually given and received. Hayden v. Lauffenburger, 157 Mo. 88, 57 S. W. 722. "An executory parol agreement to receive property in payment will not discharge a bill or note." 8 C. J. 574, 575.

Mr. Burdick's testimony indicates that he had a conversation with Mr. Davidson, the vice president of the bank, about the note executed by the defendant for his accommodation, at which time, according to his testimony, Mr. Davidson agreed to select from notes to be brought to the bank later, a sufficient amount to pay the $5,000.00 note, at that time long past due, thereby releasing and discharging the defendant from liability thereunder. This executory parol agreement could not have been enforced against the bank in extinguishment of a written contract, had Mr. Davidson refused to go further and make a selection of collateral. Comp. Laws, 1913, § 5938; Wynn v. Coonen, 31 N. D. 160, 153 N. W. 980; Fletcher Bros. v. Nelson, 6 N. D. 94, 103, 69 N. W. 53. It appears that thereafter Mr. Burdick brought to the

bank notes aggregating about $7,400.00 upon their face; that, after looking them over, asking questions about them, and some discussion, Mr. Davidson gathered up all of these notes, gave no credit upon the $5,000.00 note of Mrs. Burdick, and said that they might as well be held as *collateral* and that Mr. Burdick owed all of it anyhow. A few days later, Exhibit "C," being a list of collateral, was received by the witness Burdick, and apparently no protest against the situation as existing, was made by him. We do not believe that this transaction can possibly be construed as a contract whereby the bank held these so-called collateral notes and accepted them in payment or discharge of the $5,000.00 note of the defendant. The statement of the representative of the plaintiff bank, made at the time the notes were delivered, clearly indicates a contrary intention on the part of plaintiff, and against this, apparently no protest was made at the time, and Mr. Burdick did not insist that the notes be returned to him or attempt to take them with him when he left the bank. It seems clear that all the transaction amounted to was delivery of notes to the plaintiff bank to be held as collateral security to all of the indebtedness of the witness Burdick, including in such indebtedness the $5,000.00 note of the defendant. It should not be overlooked that the theory of the defense is absolute payment and discharge of the instrument, but not that the plaintiff converted collateral deposited with it for the protection of the defendant under the $5,000.00 note.

It is clear from Mr. Burdick's testimony that there was, at most, an executory parol agreement to discharge a written contract—the original note for $5,000.00, upon which defendant was obligated as accommodation maker—by accepting property instead of money. Until this agreement was executed, however, it would constitute no defense to the note. Comp. Laws, 1913, § 5938, and authorities cited supra; Walker v. Greene, 22 Ala. 679. It was an oral promise, and was unenforcible by anyone until fully performed by the delivery of a number of notes at the bank by Mr. Burdick, and an actual selection and acceptance of notes therefrom by the plaintiff in discharge of the obligation of the defendant. Damon v. De Bar, 83 Mich. 262, 47 N. W. 216; Comp. Laws, 1913, § 5938. A quantity of notes was brought to the bank by Mr. Burdick accordingly, but the testimony shows affirmatively that the bank did *not select* any notes therefrom. Burdick says

that Mr. Davidson, after some questions and conversation relative to the notes, took *them all,* gave no credit on defendant's note, and said they would hold such notes *as collateral* to Mr. Burdick's own indebtedness, in which indebtedness both parties apparently included this note for $5,000.00 as, at least, the moral obligation of Mr. Burdick himself, the same having been executed for his accommodation.   To this Mr. Burdick apparently made no objection at the time, left the notes in the possession of the plaintiff, and thereafter conducted himself as if defendant were in all respects liable on the note for $5,000.00. Were there no evidence on the subject, the presumption would be that the notes were received as collateral and not in payment.   Baker v. Baker, 2 S. D. 261, 267, 39 Am. St. Rep. 776, 49 N. W. 1064.   The uncontradicted evidence of defendant's principal and only witness on this point shows that the notes were in fact received as *collateral security.*

The record clearly shows that whatever the nature of the parol agreement between plaintiff and Mr. Burdick, before the notes were brought to the bank, with reference to the discharge of defendant, that agreement was changed by the parties thereunder and the notes accepted as collateral to existing indebtedness, and not in payment of defendant's note.   This they had the legal right to do and of this the defendant has no legal right to complain.   The plaintiff was under no obligation to defendant to accept anything but money in payment of her note; there was no binding agreement with Mr. Burdick to accept another medium: whether that agreement was broken by one party, or abandoned or modified by mutual understanding, were matters in which she had no interest in contemplation of law, and of which she could neither take advantage nor complain.   Comp. Laws, 1913, § 5841; Dixon v. Pace, 63 N. C. 603.

It is true that the witness Burdick states that he considered Mrs. Burdick released and that he would not have delivered the notes but for the fact that he so construed the transaction.   These are conclusions.   His own subsequent conduct indicates that he did not consider the defendant released from her obligation.   In fact, he thereafter made a large payment upon the $5,000.00 note, and executed a mortgage and made a cash payment to the defendant, in order to protect her thereunder.

We are not unmindful of the rule that it is not in our province to weigh the evidence. Where, however, as here, there is no substantial evidence to support the findings of the jury upon controlling questions of fact, and the matter is properly before us, an error of law arises on the record and it is our duty to order the verdict set aside.

The motion of the plaintiff for a judgment notwithstanding the verdict should have been granted. The judgment of the trial court is reversed, accordingly.

BIRDZELL, NUESSLE, and CHRISTIANSON, JJ., concur.

BRONSON, Ch. J. (dissenting). Plaintiff seeks to recover upon a promissory note. The defense is an accord and satisfaction. As the majority opinion indicates, the only question involved is the sufficiency of the evidence. Both the jury and the learned trial court, after consideration of a motion for judgment non obstante, have found in defendant's favor. It is not the province of this court upon this appeal to determine the questions of fact, exceedingly conflicting as they are in the evidence. We must take the jury's findings as they are, if supported by any competent evidence.

The learned trial court, in an able memorandum opinion stated:—

"Under the pleadings and the evidence, defendant claims that plaintiff was to select from the nine thousand dollars of paper offered, a sufficient amount to satisfy the accommodation note. Under such an understanding the jury would have the right to conclude that it was discretionary with plaintiff as to how much of the paper it should select to satisfy the accommodation note, and they would be justified under such an understanding to conclude that plaintiff had the right to appropriate all of the paper in satisfaction thereof. In the circumstances disclosed by the evidence, they would also have the right to conclude that since plaintiff did retain all of the notes, that such acts constituted acceptance and a complete performance on the part of plaintiff, and thus an accord and satisfaction of the accommodation note."

In my opinion the judgment and order of the trial court should be affirmed.

PER CURIAM, (upon rehearing). Upon a rehearing had in this case, this court has come to the conclusion that the ends of justice may be best subserved by ordering a new trial rather than by directing the entry of a judgment against the defendant. We are satisfied that upon the record there was not sufficient evidence to support the verdict of the jury, but we are equally of the opinion that the record is such that it can not be said, as a matter of law, that the defendant, upon another trial, may not be able to further substantiate her defense. The order of this court, therefore, is that the judgment be reversed and the cause remanded for a new trial.

BIRDZELL, JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.