[File No. 6048.]

BANK OF HAZELTON, Hazelton, North Dakota, a Corporation, Respondent, v. EMIL E. RENSCHLER and F. Merkel. F. MERKEL, Appellant.

(243 N. W. 280.)

Opinion filed June 9, 1932.  Rehearing denied June 30, 1932.

*Kelsch & Higgins,* for appellant.

300

*Coventry & Thompson,* for respondent.

Burr, J. This is an action on a promissory note for $3,235.25, given by the defendants to the plaintiff on December 7, 1929, due November 1, 1930, with interest at six per cent payable annually. The only payment on the note was one for $181.46, made December 10, 1930.

The defendant Rensehler defaulted. The defendant Merkel answered setting up want of consideration, and that his signature was obtained by fraud.

When the case was called for trial defendant Merkel appeared by other counsel and at that time was permitted to file an amended answer in which he alleged "that if he signed the note described in the complaint, there has been a total failure of consideration therefor, and that he has not received any value whatsoever." As a further defense he set forth certain facts, the gist of which will be stated later.

A jury was waived and the case tried to the court. The court made findings of fact and conclusions of law and ordered judgment for the plaintiff.

Defendant Merkel appeals "from said judgment and the whole thereof."

In support of his appeal, appellant claims the trial court committed error of law, and specifies the features wherein he claims the evidence is insufficient to justify the findings of the court.

The alleged errors of law deal with the action of the court in denying appellant's motion to dismiss, and in giving judgment for the plaintiff.

A mere statement of the crucial facts involved disposes of the whole

matter. The plaintiff was the owner of a half section of land in Emmons county, encumbered by a mortgage of $3,500.00 due December, 1930. In September, 1926, by written contract, plaintiff sold this land to the defendant Renschler; and the vendee assumed the mortgage and agreed to pay the same as a part of the purchase price. He further agreed in the contract to give plaintiff a note for the remainder of the purchase price—plaintiff's equity in the land—to be signed by himself, his father, and the defendant Merkel. Such note was given. One half of the crop each year was to be delivered to the plaintiff to be applied upon the note and the note was to be "renewed each year." There were covenants and agreements in regard to the payment of taxes, the place and manner of delivery of grain, the crops to be sown, the care to be given to the premises, the acts which would constitute default and the rights of the plaintiff thereunder.

The note for the purchase price was renewed annually until the note in controversy was given—the vendee's father dying in the meantime. The vendee failed to pay the mortgage and it was foreclosed in May, 1930.

This action was commenced in January, 1931, and appellant's original answer was served in May of that year. The vendee failed to redeem from the foreclosure sale and a sheriff's deed was issued on or about May 26, 1931. The case came on for trial on June 25, 1931, and at that time appellant filed his amended answer, based on the theory that the action, in effect, was one for specific performance and alleging the renewal of the notes, the sale of the land under the written contract, and that the plaintiff had failed to tender a deed to the land at the time this note became due.

The facts are not in dispute. Appellant is an accommodation maker for the vendee. It is his claim that the consideration for the sale failed; that the action is in the nature of specific performance of a contract for deed and that the defendant Merkel, though an accommodation maker for the defendant Renschler, can insist upon specific performance; that before the plaintiff can recover on this note it must show it tendered a deed; and no tender was made.

There is no merit in the claim there was no consideration; and it is immaterial that the *appellant* "has not received any value whatsoever." The consideration for the note was the equity which the plain-

tiff had in the land. This is what defendant Renschler bought; and for this he and the appellant gave the note.

There is no merit in the contention that there is a failure of consideration. The vendee permitted the mortgage to be foreclosed before this note was due and before the action was commenced, and permitted a sheriff's deed to issue before he claimed any failure of consideration. The mortgage was superior to the equity he bought. The loss of the equity is the only "failure" of consideration. The vendee failed to redeem and thus lost the land. This loss—solely the result of his own failure—is his, not plaintiff's.

The plaintiff did not bring an action for specific performance of the contract. It sold its equity in the land, has not been paid, and is suing on the note. It would be an idle ceremony to tender a deed for an extinguished equity. The carefully prepared and elaborately presented defense that this, in effect, is an action for specific performance, and that consequently the rules governing such action apply, disappears. The note is due, the time of payment has arrived, and the note is not paid.

The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.