[File No. 6214.]

L. R. BAIRD, as Receiver of the Zeeland State Bank of Zeeland, N. D., a Banking Corporation, Appellant, v. CHRIST G. HERR and George Herr. GEORGE HERR, Respondent.

(254 N. W. 555.)

Opinion filed April 24, 1934.

*Coventry & Thompson,* for appellant.

*Max A. Wishek* and *J. A. Heder,* for respondents.

Burr, Ch. J.  On October 27, 1923, the defendant and one Christ G. Herr executed and delivered a note for $1,500.00 to the Zeeland State Bank due November 1, 1924.  The note contained the following provision:  "The several makers, signers, guarantors, and endorsers hereof hereby waive presentment, demand notice of dishonor and protest, and consent that the time of payment may be extended or this note renewed without affecting their liability thereon."

The defendant made no payments on principal or interest; but Christ G. Herr made payments on principal and interest from time to time up to and including January 6, 1927, and died, apparently, before October 7, 1929.

On October 7, 1929, Emil Herr, administrator, and Mrs. C. G. Herr executed a note to the bank for $400.00 covering the amount then due on the note.  The bank retained the original note as collateral and marked it "renewed note."  There is nothing in the record showing who either of the makers is or what connection he has with the old note.  This is left to surmise.

The plaintiff is receiver of the bank and brought action on the original note.

The defendant in his answer denies execution of the note, alleging he received no consideration for the same and that "the cause of action herein accrued more than six years prior to the commencement of this action and that the right of recovery against this defendant is barred by the statute of limitations."

At the close of the trial both sides moved for a directed verdict, the defendant basing his motion solely on the alleged running of the statute of limitations.  The jury was discharged and the court ordered judgment for the defendant for the dismissal of the action.

The defense of the statute of limitations is the only one worth considering.  The record shows defendant admitted signing the original note, and while he signed as an accommodation maker for the co-maker there is ample evidence to show consideration to his co-maker.  This is sufficient consideration to bind the defendant.  See Baird v. Keitzman, 60 N. D. 317, 233 N. W. 905; Page v. Steinke, 60 N. D. 685, 690, 236 N. W. 261; Bank of Hazelton v. Renschler, 62 N. D. 299, 302, 243 N. W. 280.

It is the contention of the plaintiff that because of the contract

quoted from the note the defendant is bound by the renewal; and that this renewal was made within the period of the statute of limitations.

It is settled in this jurisdiction that a payment by one of two or more makers of a joint and several note does not in itself suspend the running of the statute of limitations in favor of the other. See Langlie v. Loge, 59 N. D. 399, 230 N. W. 211, 71 A.L.R. 373.

According to the contention of the appellant the case turns upon the construction of the provision quoted from the note—"consent that the time of payment may be extended, or this note renewed *without affecting their liability thereon.*"

In Bank of Conway v. Stary, 51 N. D. 399, 411, 200 N. W. 505, 510, 37 A.L.R. 1186, 1194, we held that an accommodation party was bound by the waiver contained in the note and by that agreement says "to the holder of the note that any extension of time may be made, without notice to him, which, in the judgment of and discretion of the holder or creditor may be expedient or necessary under the circumstances."

We are not required to determine just what was meant by "without affecting liability thereon." Whether it means "note may be renewed by the other maker and I will be liable on the note for the time specified in the renewal;" or "the note may be renewed, by the other maker but I will still retain my defenses on the old note" need not be determined. The agreement for renewal was an agreement between the payee and the makers, and one maker agreed with the other maker that the latter could renew without notice to the former.

But the renewal note was not made by any maker. Assuming "Emil Herr, adm." means "Emil Herr administrator of the estate of Christ G. Herr deceased," then the renewal was made by the administrator of the estate of a deceased maker and by a third party, presumably the widow of the deceased maker. Defendant's contract and agreement was that Christ G. Herr might renew and agree to an extension of time, without affecting defendant's liability. He did not agree that extraneous parties could. The note was not renewed by a maker according to the agreement in the note, and therefore, no matter what may be the interpretation we give the phrase quoted, this renewal note does not of itself toll the statute of limitations against the defendant.

The defendant was a joint maker and therefore was primarily liable on the note. See §§ 6914 and 7076 of the Compiled Laws; First Nat. Bank v. Meyer, 30 N. D. 388, 152 N. W. 657; First Nat. Bank v. Burdick, 51 N. D. 508, 512, 200 N. W. 44; Luverne State Bank v. Dailey, 51 N. D. 688, 694, 200 N. W. 793.

The uniform rule is that an accommodation maker is not discharged by an extension of time granted to the principal maker even though the holder has knowledge of the character of such accommodation party. See Cowan v. Ramsey, 15 Ariz. 533, 140 P. 501; Hall v. Farmers Bank, 74 Colo. 165, 220 P. 237; Fox v. Terre Haute Nat. Bank, 78 Ind. App. 666, 129 N. E. 33; First State Bank v. Williams, 164 Ky. 143, 175 S. W. 10; Union Trust Co. v. McGinty, 212 Mass. 205, 98 N. E. 679, Ann. Cas. 1913C, 525; First State Bank v. Lang, 55 Mont. 146, 174 P. 567, 9 A.L.R. 1139; Richards v. Market Exch. Bank Co. 81 Ohio St. 348, 90 N. E. 1000, 26 L.R.A.(N.S.) 99; Smith v. Minneapolis Threshing Mach. Co. 89 Okla. 156, 214 P. 178; Cellars v. Meachem (Cellars v. Lyons) 49 Or. 186, 89 P. 426, 10 L.R.A. (N.S.) 133, 13 Ann. Cas. 997; Farmers' State Bank v. Forsstrom, 89 Or. 97, 173 P. 935; Wolstenholm v. Smith, 34 Utah, 300, 97 P. 329; Bradley Engineering & Mfg. Co. v. Heyburn, 56 Wash. 628, 106 P. 170, 134 Am. St. Rep. 1127; Kuhn v. Groll, 118 Wash. 285, 203 P. 44.

An accommodation maker is a co-maker. The obligation is a joint and several one. An extension of time granted to the principal does not release the co-maker. Citizens Bank v. Bowdon, 98 Kan. 140, 157 P. 429.

Accordingly mere extension of time to one maker does not in itself relieve the other maker from liability. He is liable until the note is discharged as specified in § 7004 of the Comp. Laws. Hence so far as the defendant is concerned, it was not necessary for the note to contain an agreement for an extension of time.

But, in the absence of an agreement to the contrary, an extension of time to one maker does not carry the note past the period of the statute of limitations so as to deprive the other maker of that defense. Each maker is held according to his own contract.

Unless defendant himself renewed the note or under an agreement with the holder extended the time of payment, or authorized his co-

maker to do this for him then he is bound by the terms of the contract contained in the note which he signed, and is entitled to whatever defense he has against the collection of that note. One of these defenses is that suit against him must be brought within six years from the date of the maturity of the note (Comp. Laws, § 7375), unless he himself had made payments on the principal or interest.

The defendant did not sign any extension agreement; or himself renew the note, nor was the note renewed by his co-maker for him. Consequently the action, not being brought within the time required the defense of the statute of limitation is good. The judgment is affirmed.

BURKE, NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.