### Hannah Ritzmuller et al. v. Matthias Neuer.

1. WITNESS—*when incompetent by virtue of interest.* A party in interest is incompetent where the adverse party sues or defends in a representative capacity.

2. INCOMPETENT EVIDENCE—*when admission of, by chancellor will not reverse.* A chancellor will be presumed to have consid-

ered only competent evidence and the admission of incompetent evidence will not work a reversal if there is sufficient competent evidence in the record to sustain the decree.

3. MORTGAGE—*when foreclosure not barred by Statute of Limitations.* Notwithstanding a joint note is, as to one of the joint debtors, barred by the Statute of Limitations, a mortgage given to secure the same may be foreclosed as against both of the joint debtors. . Payments made by one joint debtor upon a note so secured, while not binding the joint debtor so that he may be proceeded against personally, have the effect of keeping alive the security with respect to such note.

Foreclosure proceeding. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

L. H. BERGER, for appellants.

JOHN F. GARNER, H. H. JANSEN and WILSON & WALL, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

June 27, 1882, Henry F. W. Ritzmuller and Hannah, his wife, executed their joint and several promissory note for the sum of $800, payable to the order of Matthias Neuer, one year after date with interest at the rate of seven per cent. per annum from date, and to secure the payment of said note the said Henry F. W. Ritzmuller and wife executed a mortgage upon certain real estate in the city of Quincy, owned by said Henry F. W. Ritzmuller. Henry F. W. Ritzmuller died intestate October 6, 1900, leaving him surviving Hannah Ritzmuller, his widow, and certain adult and minor children, his only heirs at law. On August 16, 1905, appellee filed his bill in equity to foreclose his mortgage and made all the persons interested parties defendant. After answers and replications filed, the cause was referred to the master to take the proofs and report his conclusions of law and fact. The master found the equities of the cause to be with the com-

plainant; that there was due to complainant upon the
note the sum of $717.33, and that the mortgage was a
first lien on the premises therein described. The chan-
cellor overruled the exceptions to the master's report
filed by the defendants, and entered a decree for the
foreclosure of the mortgage in accordance with the
prayer of the bill and the findings of the master.

It is insisted on behalf of appellants that incompe-
tent evidence was heard and considered by the chan-
cellor, and that as to the interest of Henry F. W. Ritz-
muller in the mortgaged premises a foreclosure of the
mortgage is barred by the Statute of Limitations.

The children of Henry F. W. Ritzmuller were de-
fending as his heirs, and the complainant was not a
competent witness to prove the payment to him by
Henry F. W. Ritzmuller of principal and interest upon
the note. Hurd's Stat. 1903, chap. 51, par. 2. In chan-
cery proceedings, however, the rule is well settled that
the chancellor will be presumed to have considered
only competent evidence, and that the admission of in-
competent evidence will not work a reversal if there
is sufficient competent evidence in the record to sustain
the decree. Vinson v. Scott, 198 Ill. 144.

The testimony of appellant, Hannah Ritzmuller, and
of the witnesses, C. F. Neuer and William Neuer, is
clearly competent evidence, and strongly tends to show
that Henry F. W. Ritzmuller, during his lifetime, paid
the interest upon the note in question, up to and until
June 27, 1900, being about five years and two months
prior to the filing of the bill.

But conceding that the Statute of Limitations had
run upon the note so far as the liability thereon of
Henry F. W. Ritzmuller was concerned, it would not
defeat complainant's right to foreclose his mortgage
as against the interest of said Henry F. W. Ritzmul-
ler and his heirs in the real estate therein described.
The note is the joint and several note of Henry F. W.
Ritzmuller and Hannah, his wife, and it is uncontro-
verted that Hannah Ritzmuller made payments of in-

terest thereon after the death of her husband, and up to and until June 27, 1905, and that there was due from her upon said note the sum found by the decree.

While a partial payment by one joint debtor without the knowledge or assent or subsequent ratification of the other, will not operate to bind the latter so as to authorize the inference of a new promise on his part and toll the Statute of Limitations (Kallenbach v. Dickinson, 100 Ill. 427), a mortgage given to secure the payment of a joint and several note will operate to continue a lien on the mortgaged premises so long as payment of the note may be enforced against either joint debtor and until the debt is extinguished. True, if the Statute of Limitations had run against the note, so far as Henry F. W. Ritzmuller was concerned, no personal judgment for the payment of money could be rendered against him, but this would not bar the right of appellee in a proceeding *in rem* to foreclose his mortgage, to a decree of foreclosure against the property involved for the payment of a subsisting debt which the mortgage was given to secure.

The decree will be affirmed.

*Affirmed.*