I. E. HANSEN, as Administrator of the Estate of I. A. Hendrickson, Deceased, and C. A. Christie, Appellants, v. F. L. BRANNER et al., Respondents.

(41 A.L.R. 814, 204 N. W. 856.)

**Limitation of·actions — partial payments on note extending right of action on note extend right of action on mortgage securing same.**

Partial payments upon a note secured by a real estate mortgage which extend the right of action upon the note also extend the right of action upon the mortgage.

Opinion filed June 17, 1925.

Limitation of Actions, 37 C. J. § 656 p. 1172 n. 28.

Note.—Part payment or acknowledgment of indebtedness on bond or note as tolling statute on mortgage securing same, see annotation in 41 A.L.R. 822.

In District Court, Towner County, *Burr*, J.

Plaintiff has appealed from the judgment of the District Court. Reversed.

*Chas. Houska* and *C. L. Young,* for appellants.

It is equally well settled that a partial payment or acknowledgment of a debt which will prevent the statute from running against it, will also prevent the statute from running against the remedy on the security for the debt. Omlie v. O'Toole, 16 N. D. 134, 112 N. W. 677.

Payments on the debt or other 'accounts which interrupt the running of the statute of limitations on the debt, also prevent the statute from running on the security. Mortgage Co. v. Northwest Thresher Co. 14 N. D. 175, 103 N. W. 915.

One of the remedies, however, may be lost without affecting the other. The mortgage may be discharged or released without affecting the personal liability of the mortgagor; and, on the other hand, the personal liability may be terminated by the statute of limitations, a discharge in bankruptcy, or by convention of the parties, without extinguishing the lien of the mortgage. Slingerland v. Scherer, 46 Minn. 422, 49 N. W. 237.

*Kehoe & Verret,* for respondents.

An action to foreclose a mortgage on real property is a remedy distinct from the remedies by which the creditor may enforce the personal obligation for the debt secured by the mortgage, and may become barred by the Statute of Limitations even though the debt is not outlawed. Mortgage Co. v. Northwest Thresher Co. 14 N. D. 147.

Payment on the debt, or other acts which interrupt the running of the statute of limitations on the debt, also prevent the statute from running on the security. Omlie v. O'Toole, 16 N. D. 126.

For the purpose of applying the Statute of Limitations, the cause of action to foreclose a mortgage is to be considered independently, and is not affected by the Statute of Limitations barring an action to enforce a personal liability upon the notes secured by the mortgage. McCarty v. Goodsman, 39 N. D. 389.

It is true conversely that an action to foreclose may be barred while the legal remedy of the creditor to collect the debt remains. Mortgage Co. v. N. W. Thresher Co. 14 N. D. 147.

BURKE, J.   This is an action to foreclose a real estate mortgage. On the 10th day of January, 1912, the defendants F. L. Branner and Nancy C. Branner executed and delivered to the plaintiff a mortgage on their homestead in Towner county, North Dakota, to secure the payment of a promissory note for $440.52.   The note was due on the 10th day of November, 1912, and this action was commenced on the 28th day of April, 1923.   On the 4th day of November, 1918, the defendant F. L. Branner paid $10.00 upon the said note, and on the 1st day of April, 1921, the defendant F. L. Branner paid $200 upon said note, which payments were endorsed upon said note and were made without knowledge of the defendant Nancy C. Branner.   The defendant set up the statute of limitations on the note as to the defendant Nancy C. Branner and on the mortgage as to both defendants alleging that the defendant Nancy C. Branner is the wife of the defendant F. L. Branner and that during all of the time stated in said complaint was a resident and citizen of Towner county, North Dakota, the head of a family, having living with him and depending upon him for her support the defendant Nancy C. Branner, and that they were living upon, and occupying as their home and homestead under the laws of the State of North Dakota the premises described in the complaint and that the cause of action set forth in the complaint did not accrue within ten years before the commencement of the said action and was therefore barred.

Upon the facts as stated the trial court made its conclusions of law, holding that action upon the note was barred as to the defendant Nancy C. Branner, that the action on the note was not barred as to the defendant F. L. Branner against whom he ordered judgment for the balance due on the note together with costs of the action, and that the said action for the foreclosure of the mortgage was barred by the statute of limitations.

The plaintiff, in appealing to this court, does not question the findings of fact or conclusions of law in relation to the defendant Nancy C. Branner, but bases his appeal on the conclusion of law by the trial court, "that the action to foreclose the mortgage was barred by the statute of limitation."   It is his contention that the payments made by the plaintiff on the 4th day of November, 1918, and on the 1st day of April, 1921, toll the statutes of limitation both as to the note

and mortgage. He relies on the decisions of this court in Omlie v. O'Toole, 16 N. D. 126, 134, 112 N. W. 677 and the case of Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289. The trial court in a very elaborate and learned memorandum opinion reviews the decisions of this court upon the subject and bases his decision on the principles laid down in Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160; Paine v. Dodds, 14 N. D. 189, 116 Am. St. Rep. 674, 103 N. W. 931.

The trial court disposes of the case of Roberts v. Roberts, supra, with the statement:—"It is true that in the case of Roberts v. Roberts, supra, the court permitted the foreclosure of a mortgage though the action was not commenced until after eleven years from the date the mortgage was due but that was a case where the mortgagor was dead and apparently his representative did not raise the question of the statutes of limitation." The trial court overlooked a part of the decision in the case of Roberts v. Roberts, for, in the Roberts case, the statutes of limitations were pleaded and passed upon by the court. On page 532 of volume 10, (88 N. W. 290) the court says:—"The action is brought against Callie Roberts as executrix of L. B. Roberts, deceased. She answers in such capacity, and individually, that she executed said mortgage as surety for her husband and at his solicitation and request; that she received no consideration whatever for the giving of the same; that the plaintiff well knew that she executed such mortgage as surety for her husband only; *that no payments were ever made on such note or mortgage with her knowledge, consent or authority; that the cause of action based on such mortgage, so far as the mortgage is concerned did not accrue within ten years prior to the commencement of the action."* Thus the statute of limitation was pleaded in the same language as in the case at bar.

On page 534 (88 N. W. 291) the court, quoting from the case of Smith v. Scherck, 60 Miss. 491 says:—"When therefore she joins in the mortgage of it to secure a debt the property quoad the mortgage ceases to be a homestead, and is bound as any other property of the husband would be; and as long, therefore, as the debt is kept alive by him who owes it, the mortgage remains in full force. Having consented that it might be bound for that debt, it must so continue until

the debt be discharged by judgment or by such lapse of time as constitutes a valid bar in behalf of the debtor." Continuing, the court says:—"In this case the debt exists so far as the husband is concerned. So does the mortgage also. *Each by virtue of the payments made by the husband, and were effective in keeping the mortgage in force as to her."* There is no construction that can be placed upon this language other than that the partial payments made by the husband extended not only the life of the note but the life of the mortgage as well. There is no difference between the case at bar and the case of Roberts v. Roberts. The wife in both cases signed with her husband a mortgage upon the homestead. The husband, without the knowledge of the wife, made partial payments which tolled the bar as to the note and mortgage. When action was commenced both pleaded the bar of the statutes of limitation as to the mortgage.

In the case of Omlie v. O'Toole, 16 N. D. page 134, 112 N. W. 681, the court says:—"This court has intimated in a case directly in point what a wife's interest in a homestead is, where the title, as in this case, is in the husband, *and has held that her assent is not necessary to an extension of the time of payment of the mortgage debt and that without her assent her husband can prevent the statute running against a mortgage of the homestead.* The facts in the case cited infra are so nearly identical with those in the case at bar in relation to this phase, and the principles are so fully discussed in the opinion of Judge Morgan in that case that no additional consideration of this point is now necessary. We reaffirm the principles there developed." Roberts v. Roberts, supra. But the trial court in the memorandum opinion, and the respondent in his brief, contend that the case of Roberts v. Roberts, supra, was overruled by the case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160, and that this court, in deciding the case of Omlie v. O'Toole, supra, was misled by mistaking the dissenting opinion in the case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. for the prevailing opinion, and states that this is evident for the reason that in Omlie v. O'Toole, the court cites Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 70 L.R.A. 814, 116 Am. St. Rep. 642, 14 N. D. 175, 103 N. W. 921, 8 Ann. Cas. 1160, and the quotation from page 175 is in the dissenting opin-

ion of Judge Young, and it further says: "Our Supreme Court has not intended to reverse the case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. supra, for in the case of McCarty v. Goodsman, 39 N. D. 389, L.R.A.1918F, 160, 167 N. W. 503, the court says:—'For the purpose of applying the statute of limitations the cause of action to foreclose a mortgage is to be considered independently and is not affected by the statute of limitations barring an action to enforce a personal liability upon the notes secured by the mortgage.'"

In the case of McCarty v. Goodsman, supra, the mortgage was given to secure a debt of $700 represented by five promissory notes falling due on different dates. The mortgage provided that in case of default in the payment of any of the notes, the mortgagee might declare the whole sum due. The mortgagee did not avail himself of this provision and at the time the action was brought to foreclose the mortgage some of the notes were barred by the statute of limitation, and the court held that while some of the notes were barred "the mortgage is given to secure the entire debt of $700 and the fact that the indebtedness is represented by installment notes maturing at different dates can not affect the creditor's right to stand upon the singleness of his cause of action to foreclose for the nonpayment of the entire debt when all of it shall become due." In this case the court points out that while there are two remedies there is but one debt, and, carrying that just a little further, since there is but one debt, a payment on the note is a payment on the mortgage. If the payment on the note extends the life of the note, is there any reason why it should not also extend the life of the mortgage, if the mortgagor, at the time of payment, owns the equity of redemption in the land? According to our view, there are none.

The appellant says there is no conflict in the decisions and nothing in any of the opinions overruling any of the law as laid down by this Court on the subject matter of this action.

In the case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. Judge Engerud says:—"The only question involved upon this appeal is whether the statute of limitation is available to this appellant as a defense against the plaintiff's action. The time within which an action to foreclose a mortgage of real property must be commenced in this state is limited to ten years from the time the cause of action accrued." "If, when a cause of action shall accrue against any person

he shall be out of the state, the statute does not begin to run until his return into the state." ' Continuing, on page 152—"We are all, therefore, of the opinion that the absence from the state of the person against whom the cause of action accrued stays the running of the statute of limitations against an action to foreclose a mortgage the same as in any other action in personam."

In his dissenting opinion Judge Young says:—"As stated in the majority opinion we are agreed that this action is not in rem and we are of the opinion that the absence from the state of a person against whom the cause of action accrued, stays the running of the statute of limitation against an action to foreclose a mortgage the same as in any other action in personam. In other words, § 5210, supra, which extends the time for commencing the action when the person against whom the cause of action accrues is absent from the state, applies to this action." (Which was an action to foreclose a mortgage.) The note in this action was due November 1st, 1888. No payments were made upon it. In the fall of 1887 the mortgagor moved from the Territory of Dakota and never returned. In December, 1887, he conveyed the mortgaged land to A. S. Brown and on February 1st, 1888 Brown conveyed to the Minnesota Thresher Mfg. Co. and the real question in the case is, Did the defendant's absence from the state toll the statute of limitations on the mortgage after he had sold all his interest in the land? The prevailing opinion holds that it did not for the reason that the mortgagor had sold his interest in the land and was not a necessary party to the action to foreclose the mortgage. He had no more interest in the land. His equity of redemption was gone. The purchaser of the land, the Minnesota Thresher Company, stood in his place and during all of the years was constructively a resident of North Dakota on account of its doing business in the State and having a person within the State upon whom service might be made, therefore the statute of limitations ran against the mortgage upon which action was barred. The dissenting opinion holds that the absence of the mortgagor from the state tolled the statute and action was not barred even though the mortgagor had sold the land. This is the only disagreement between the members of this court in said action and is all there is in that case.

In arriving at the conclusion that the mortgagor was not a necessary

party in the foreclosure proceeding, this court followed the trend of decisions holding that there are two remedies for the enforcement of a note secured by a real estate mortgage: One in an action on the note, and the other an action for the foreclosure of the mortgage, and that each was independent of the other. Upon this principle the trial court held that since there are two remedies that are independent of each other, the payments on the note, in the case at bar, did not extend the right of action upon the mortgage.

In the case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 163, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 921, 8 Ann. Cas. 1160. Judge Engerud, in the prevailing opinion, recognizes the law as declared in the case of Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289, and Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677, in the following language:—

"There are only two things which could stay the running of the statute against this action; absence of the defendant, or an acknowledgment or new promise within ten years, which new promise or acknowledgment can be proven only by partial payments or written evidence. In this case neither of these are present and the court has no power to recognize any exception to the statute other than those which the legislature has made." Citing Teigen v. Drake, 13 N. D. 502, 101 N. W. 893.

In other words, a new promise in writing signed by the party to be charged, or a partial payment, would have tolled the statute in the case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co., but there was no new promise or partial payment and therefore nothing to stay the statute. In the case at bar there were partial payments made by the mortgagor and therefore action on note and mortgage was extended.

No court has stated the doctrine, in relation to the two remedies against note and mortgage, better than Judge Mitchell in the case of Slingerland v. Sherer, 46 Minn. 422, 49 N. W. 237, in which he says:

"Where a debt is secured by mortgage, the creditor, if default be made, has two distinct remedies, to-wit: (1) The recovery of a personal judgment for the debt; and (2) the foreclosure of the lien of the mortgage upon the land. Under the old practice both remedies might be pursued (either consecutively or concurrently) in separate actions

at law and in equity. The court of chancery never rendered any personal judgment for the debt, or for any deficiency after sale of the land. If the mortgagee wished to pursue any such remedy he had to resort to the law court for that purpose. But under the reformed practice both remedies may, in a proper case, be obtained in the same action. One of the remedies, however, may be lost without affecting the other. The mortgage may be discharged or released without affecting the personal liability of the mortgagor; and, on the other hand, the personal liability may be terminated by the statute of limitation, a discharge in bankruptcy, or by convention of the parties, without extinguishing the lien of the mortgage. Also a mortgage may be executed without the mortgagor being personally liable. The person who is personally liable for the debt may not be a party to the suit, as when the mortgagor has parted with all his interest in the land. Again, the person who is entitled to recover the personal judgment may not be the person entitled to foreclose the mortgage."

This decision is in accord with the prevailing opinion, Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. supra, and yet Judge Mitchell, in the case of Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130, holds that the partial payment on a note tolls the statute on the mortgage. In this case Judge Mitchell says:—

"Defendant's last contention is that the right to foreclose was barred by the statute of limitation, the action not having been commenced until May, 1889, more than 15 years after the maturity of the bond secured by the mortgage. Partial payments, however, were made every year down to 1886 and one as late as 1889; and the question is, whether these payments tolled the statute as to the mortgage. The general, if not the universal, rule is that a partial payment or an acknowledgment of the debt which would prevent the statute from running against it will also prevent the statute from running against the remedy on the security and there is certainly nothing in our statute of limitations indicating an intention to establish any new and different rule. The limitations as to actions to foreclose mortgages, as amended in 1887, is one of the provisions found under the general title, 'The Time of Commencing Civil Actions' and there is no reason for holding that the provisions of §§ 15 and 24 of that chapter are not as applicable to actions of foreclosure as to any other civil actions. By holding that

an action to foreclose a mortgage is a personal action and not a proceeding in rem, as we did in Whalley v. Eldridge, 24 Minn. 358, and in Bardwell v. Collins (Bardwell v. Anderson) 44 Minn. 97, 9 L.R.A. 152, 20 Am. St. Rep. 547, 46 N. W. 315, and that under the provisions of § 15 the time during which the owner of the equity of redemption was a non-resident is to be excluded, as we did in Whalley v. Eldridge, supra, and in Rogers v. Benton, 39 Minn. 39, 12 Am. St. Rep. 613, 38 N. W. 765, and Foster v. Johnson, 44 Minn. 290, 46 N. W. 350, we virtually decided this case. Whether a payment or an acknowledgment of the debt by the mortgagor after he had parted with the property will keep alive the lien of a mortgage as against the purchaser (a question upon which there is some conflict of authority) it is not necessary to consider, for in the present case a payment was made within 15 years and before any of the appellant defendants had purchased from the trustees, and all of the authorities held that a purchaser from the mortgagor, with actual or constructive notice of the mortgage, will be bound by any previous acknowledgment of the debt by his grantor."

Section 7712, General Statutes of Minnesota, 1913, relating to new promise, acknowledgment, and effect of partial payment, is in the exact language of § 7394, Compiled Laws of North Dakota for the year 1913 relative to the same subject.

Wisconsin is cited in the prevailing opinion in Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. supra, as recognizing the two independent remedies and in the case of Hughes v. Thomas, 131 Wis. 315, 11 L.R.A.(N.S.) 744, 111 N. W. 474, 11 Ann. Cas. 673, the Wisconsin Court, speaking through Judge Kerwin, says:—

"But it is strenuously insisted by counsel for respondent that, since the debt was barred and extinguished at the time this action was commenced, the twenty year limitation should begin to run, not from time of last payment of interest, but from the time the right to foreclose accrued. The authorities seem to be against respondent's contention. The insistence of respondent is that part payment upon the debt does not extend the twenty year limitation on the sealed instrument given to secure the debt beyond six years after the last part payment. The payment of interest had the effect of a new promise to pay the debt secured by the mortgage, and, a cause of action having accrued upon

the debt at the time of such payment of interest and new promise, no reason is perceived why the cause of action to enforce the lien under the mortgage should not continue for twenty years from the date of such part payment." Spear v. Evans, 51 Wis. 42, 8 N. W. 20.

The Kentucky Court, in the case of Clift v. Williams, 105 Ky. 559, 51 S. W. on page 821, speaking through Justice White, said:—

"It is insisted in petition for rehearing that the opinion herein is in conflict with the opinion of this court in Tate v. Hawkins, 81 Ky. 577, 50 Am. Rep. 181, and Kendall v. Clarke, 90 Ky. 178, 13 S. W. 583. We do not so deem it. In the Tate-Hawkins case the facts show that Hawkins sold by deed the land in 1864, and the vendor's lien then had some 14 years to run. The action was brought in 1881, more than 15 years afterwards. The payments made on the note by Hawkins in 1873 and 1878 could only operate to elongate the statute of limitations as to the note, and bind Hawkins. When these payments were made by Hawkins, he had long since ceased to have power to bind the land for anything. The land was sold by Hawkins to Basket in 1864, and was subject to the vendor's lien as it then existed, i. e., for 14 years, or the length of time to complete the bar, and no subsequent act of Hawkins after he parted with title could change this time as to the debt itself. As long as Hawkins owned the land, he might have extended the lien by extending the note, but when he ceased to own the land his power to further bind it ceased. The purchaser took it with all its then burdens, but they could not be increased. Applying that rule to this case, it is manifest the opinion rendered herein is the law."

The axiom stated by Judge Young as "The general, if not universal, rule is that a partial payment or an acknowledgment of a debt which would prevent the statute from running against it will also prevent the statute from running against the remedy on the security," (14 N. D. 175) is almost identical with the statement of the general rule in Jones on Mortgages, § 1198, wherein it is stated: "A payment of interest or part payment of the principal renews the mortgage so that an action may be brought to enforce it within twenty years or other period of limitation after such last payment. This is a rule universally recognized." Citing California, Idaho, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Minnesota, Nebraska, North Carolina, Vermont, and the compiler might have added Roberts v. Roberts,

10 N. D. 531, 88 N. W. 289, and Omlie v. O'Toole, 16 N. D. 134, 112 N. W. 677.

"Any act of the mortgagor which operates to keep the mortgage debt on foot, also operates to keep up the mortgage lien, as an acknowledgment of the debt by the mortgagor in the mode and with the formalities required by law. A part payment of principal or interest made by the mortgagor or his agent revives the mortgage, and gives it a new lease of validity from the date of such payment; and a payment by one of two or more mortgagors, while the mortgage is still operative, it seems, will keep up the right of entry against all." 2 Wood, Lim. 4th ed. p. 1056.

"The general rule that the payment of interest on a debt operates as an acknowledgment from which a promise to pay the principal obligation may be inferred has been frequently applied to the payment of interest on a mortgage debt upon which a cause of action has accrued, in which case it has been held that the payment operates as a new promise and keeps the lien of the mortgage alive for the statutory period of limitation from that time. Thus, if a husband and wife execute a mortgage on their homestead to secure the payment of a note made by him only, his payment of interest periodically though without her knowledge, has been held to stop the running of the statute." 17 R. C. L. § 297, p. 934.

"The general rule being that the mortgage is incident to the debt, and, as payment of the latter extinguishes the lien of the former, so, by a parity of reasoning, the renewal of the debt extends the lien of the mortgage. This is invariably so as between the mortgagor debtor and the mortgagee creditor." 19 R. C. L. § 250, pp. 463, 464 and cases cited.

The theory is that the partial payment of a debt is an acknowledgment of the debt from which a new promise can be inferred. Mrs. Branner knew that her husband had given the mortgage upon the homestead to secure the payment of a debt. She signed both note and mortgage. She knew both she and her husband promised to pay the debt when they signed the note. She knew that it was her husband's duty to pay the note and she can not complain because he made payments thereon. It was his debt and his land. When he made a payment on the note he thereby decreased the debt and the amount of the

mortgage lien. There is no conflict in the decisions of this court on the subject matter of this action. The case of Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160, construes § 7384, Comp. Laws 1913 relating to the debtor's absence from the state, while the case at bar comes under § 7394, Comp. Laws 1913, relating to partial payments.

The judgment of the District Court is erroneous and is hereby reversed. The plaintiff in this action is entitled to judgment of foreclosure of the mortgage as prayed for in the complaint. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and JOHNSON, JJ., concur.