GREAT NORTHERN STATE BANK OF ST. PAUL, MINNESOTA, a Foreign Corporation, Respondent, v. EMIL E. LINDVOLD, Appellant.

(223 N. W. 345.)

Opinion filed December 28, 1928. Rehearing denied February 18, 1929.

*Charles G. Bangert* and *Tim A. Francis,* for appellant.

*J. V. Backlund,* for respondent.

BIRDZELL, J. This is an appeal from a judgment for the plaintiff · in an action brought by him as a redemptioner to recover from the defendant a certain sum alleged to have been received by the latter as net profits received on account of the use and occupation of the premises in question during the redemption period and while the defendant held a sheriff's certificate of foreclosure sale. The trial court overruled a demurrer to the complaint. Thereafter the defendant filed a general denial. A jury trial was waived and the matter was tried before the court upon stipulated facts, the stipulation, however, being received subject to an objection to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action.

In the complaint it is alleged that on April 5, 1919, one Hans

Haugan, Jr., was the owner in fee of certain described land; that on that date he executed a mortgage to the defendant upon the property in question for $3,000, that, default having occurred, the defendant foreclosed the mortgage by virtue of the power of sale contained therein and bid in the property on the 31st day of May, 1924, for $3810.41 and received a sheriff's certificate of sale therefor; that prior to May 31, 1924, Hans Haugan, Jr., and wife, for valuable consideration, executed and delivered to the plaintiff a note and mortgage whereby they mortgaged the same real estate to the plaintiff and "whereby this plaintiff became a legal redemptioner from the aforesaid foreclosure sale, and did on the 1st day of June, 1925, cause to be paid to James Kelly, the Sheriff of Barnes County, North Dakota, the officer who made the sale as aforesaid, the sum of $4193.78, and whereby this plaintiff did receive from said James Kelly, sheriff, a sheriff's certificate of redemption, redeeming said real estate from the effect and operation of said sale as aforesaid;" that during the year 1924 there was raised on the premises certain crops which after paying all expenses left a net profit of $400 to be applied on the certificate of sale; that the defendant received, collected and appropriated to his own use the sum of $400 and has failed to account for and credit on the amount owing on the mortgage debt. It is alleged that after demand the defendant refused and neglected to so account to the plaintiff, as redemptioner, for the net profit of $400, although the mortgage, interest and costs had been paid by the plaintiff; that the plaintiff is the last and only redemptioner from the foreclosure sale and the owner of the land by virtue of the sheriff's deed on such redemption.

The specific contentions as to the insufficiency of the complaint are: (1) that it fails to allege facts showing that the plaintiff became a legal redemptioner (it is said that the complaint alleges a mere conclusion) and that it contains no allegation that Haugan and wife owned the land upon which they executed the mortgage to the plaintiff; (2) that it is not alleged that any part of the mortgage to the plaintiff was unpaid at the time of the attempted redemption; (3) that it is not alleged that the sum of $4193.78 was the full amount necessary to make redemption; (4) that it is not alleged that notice of redemption was given to the sheriff and filed with the register of deeds, as provided by § 7756 of the Compiled Laws of 1913; (5) that it is not alleged

that the plaintiff presented to the sheriff at the time of redemption a notice of the record of his mortgage certified by the register of deeds, as provided by § 7760, Compiled Laws of 1913; (6) that it is not alleged that the plaintiff made demand upon the defendant for a statement of the rents and profits, as provided by § 7762, Compiled Laws of 1913.

It is apparent from the contentions advanced here that the principal attack upon the complaint has been that it failed to allege all of the facts going to show that the plaintiff had effected a legal redemption.

The complaint may not be a model of pleading, but it does allege the ultimate fact that the plaintiff became a legal redemptioner. It alleges the amount paid to the sheriff and the issuance of a sheriff's certificate of redemption, redeeming the real estate from the effect and operation of the sale. This is equivalent to saying that all steps were taken to effect a redemption. It is, of course, not necessary to allege each step. Upon the trial the facts were stipulated. The stipulation contains this recital: "That the plaintiff herein is the last and only redemptioner from the aforesaid foreclosure sale, and that the said plaintiff is now the owner of the land in question." In view of this stipulation we think there is no merit in the contention that the allegations of the complaint are insufficient and that it is not shown that a legal redemption has been effected.

The argument of principal merit upon this appeal is that the complaint does not state a cause of action, and it is not aided by proof in this respect, because it is not shown that the plaintiff availed itself of its statutory remedy under § 7762, Compiled Laws of 1913, to have the rents and profits credited towards the redemption; that it voluntarily paid to the sheriff the amount paid and that it is not in position on this account to compel the defendant to pay an amount he had received as rents and profits during the time when he held the certificate of sale. The statute under which these rents and profits were recovered by the defendant is § 7762, supra, which has since been amended (Laws 1919, chap. 132), but the amendment was not applicable to the mortgage to Lindvold, because this mortgage was executed before the change in the statute. The statute says that the purchaser from the time of sale and the redemptioner from the time of his redemption until another redemption is entitled to receive from the tenant in

possession the rents of the property sold or the value of the use and occupation. It further says "the amounts of such rents and profits shall be a credit upon the redemption money to be paid." It was clearly not the purpose of this statute to enable a mortgagee or a purchaser at the sale to obtain through his purchase, in case of redemption, an amount in excess of what he had bid at the sale and the prescribed interest. To avoid this, it is prescribed, in mandatory language, that the rents and profits shall be a credit upon the redemption money. Any payment, then, or amount collected must be deemed held subject to the condition named in the statute and not to be held by the one so receiving it as his own. While the statute provides a remedy whereby credit upon the redemption money may be obtained before the redemption is effected and the time for redeeming extended for the purpose of having such credit determined, we are of the opinion that the statutory remedy is not necessarily exclusive; or, stated in another manner, we are of the opinion that one who has a right, under the statute, to have the rents and profits collected to be credited on the redemption money, does not lose this right by effecting a prompt redemption without demanding the credit. The statute, in fact, gives him a broader remedy than the one used in the instant case in that it keeps alive his right of redemption during the time the credit is being adjusted. The one who receives the redemption money is in no position to complain if this broader remedy is not resorted to. There may be and frequently are circumstances present which render it advantageous to all parties to have a prompt redemption effected, under § 7754, Compiled Laws of 1913, while leaving the matter of accounting for rents and profits to be adjusted at a later time.

It was stipulated that the defendant had incurred an expense of $40 as an attorney fee in collecting the rents and profits received by him, or, rather, that the defendant's attorney would so testify if placed on the stand. There is nothing to indicate that this was not a reasonable charge. It was disallowed by the court, but we think it should have been allowed. The judgment will therefore be reduced in that amount and as so reduced affirmed; neither party to recover costs on appeal.

NUESSLE, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.