OSCAR LANGLIE, Respondent, v. MARTIN LOGE and Serina Loge. SERINA LOGE, Appellant.

(— A.L.R. —, 230 N. W. 211.)

Opinion filed March 31, 1930.

*O. J. Thompson,* for appellant.

*Wm. Barclay* and *Theo. Kaldor,* for respondent.

NUESSLE, J. On November 1, 1920, the defendants Martin Loge and Serina Loge, made, executed, and delivered to the plaintiff their joint and several note, due on the 1st day of April, 1921. No payments were made on this note excepting the sum of $150.54 paid on December 14, 1923, by the defendant Martin Loge. This payment was not made with the consent or authority of the defendant Serina. Plaintiff began suit on the note on April 27, 1929. The defendant Serina Loge, answering, set up the bar of the statute of limitations. Section 7373, Comp. Laws 1913, provides:

"The following actions must be commenced within the periods set

forth in the following five sections after the cause of action has accrued."

Section 7375 provides that an action upon a contract, obligation or liability, express or implied (excepting in certain instances not here material) must be begun within six years. Section 7394, Comp. Laws 1913, provides:

"No acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

The trial court held that the payment by the defendant, Martin Loge, was effective to suspend the running of the statute of limitations as against the defendant Serina Loge and ordered judgment against her. From the judgment entered accordingly the defendant, Serina Loge, appeals.

Thus the sole question on this appeal is: Does a payment by one of two parties jointly and severally liable as makers upon a promissory note suspend the running of the statute in favor of the other where such payment is made without his authority or consent? The appealing defendant relies upon the case of Grovenor v. Signor, 10 N. D. 503, 88 N. W. 278, as being decisive in her favor. The case in question is exactly on all fours with the instant case, excepting that in the Grovenor Case the note in question was a joint rather than a joint and several note. The court, Chief Justice Wallin writing the opinion, said, in ¶ 2 of the syllabus:

"A payment by one joint debtor does not operate as a new promise which will interrupt the running of the statute as against another joint debtor."

And in the body of the opinion, said:

"The action was commenced more than six years after the maturity of the note, and hence the same is barred by the statute, unless the time has been extended in some manner. George A. Signor pleads the statute in bar of the action, and alleges that he never at any time made a payment on the note. We have assumed that the district court held that this defense was valid in law, and this court has reached the same

conclusion. There is considerable conflict of authority upon this point, both in England and in this country; but the decided weight-of modern authority will support our conclusion. Oleson v. Wilson, 20 Mont. 544, 63 Am. St. Rep. 639, 52 Pac. 372; Hance v. Hair, 25 Ohio St. 349; Mayberry v. Willoughby, 5 Neb. 368, 25 Am. Rep. 491; Littlefield v. Dingwall, 71 Mich. 223, 39 N. W. 38; Kallenbach v. Dickinson, 100 Ill. 427, 39 Am. Rep. 47; Cooper v. Wood, 1 Colo. App. 101, 27 Pac. 884; Van Keuren v. Parmelee, 2 N. Y. 523, 51 Am. Dec. 322; Murdock v. Waterman, 145 N. Y. 55, 27 L.R.A. 418, 39 N. E. 829; Harper v. Fairley, 53 N. Y. 443; Shoemaker v. Benedict, 11 N. Y. 177, 62 Am. Rep. 95; Willoughby v. Irish, 35 Minn. 63, 59 Am. Rep. 297, 27 N. W. 379; Bell v. Morrison, 1 Pet. 351, 7 L. ed. 174. The cases cited from the states of New York and Minnesota are decisive authority here, inasmuch as they are decided under a statute identical in language with that in this state. See N. D. Rev. Codes, 1899, § 5220. The courts in the cases cited, in construing this statute, hold that a payment upon a debt is equivalent to a new promise resting upon the original consideration. But when such payment is made by one joint debtor such payment does not operate as a promise binding any one except the debtor who makes or authorizes the payment, and this rule is based upon the theory that the relation of agency does not arise upon the mere relation of joint or joint and several debtors."

The plaintiff concedes that the Grovenor Case is authority directly against him, but insists, first, that the note there in suit was a joint note while the note in the instant case is joint and several, and that on that account the cases are distinguishable; and next, insists that the Grovenor Case was not well considered and should be expressly overruled. He also cites as impliedly overruling the Grovenor Case, Hansen v. Branner, 52 N. D. 892, 41 A.L.R. 814, 204 N. W. 856.

Unless it be expressly overruled the Grovenor Case is decisive on this appeal. The rule adopted in that case has prevailed in this jurisdiction for many years, and there is no apparent reason why we should depart from it now. No distinction can be made between a joint note and a joint and several note with respect to the tolling of the statute as against one of the joint makers by reason of a part payment by the other. The theory on which it is held that payment by one maker tolls

the statute as to the other, is that the relation of agency arises upon the mere relation of joint or joint and several debtors. This rule was first enunciated by Lord Mansfield in Whitcomb v. Whiting, 2 Dougl. K. B. 652, 99 Eng. Reprint, 413, where he said: "Payment by one is payment for all, the one acting virtually as agent for all the rest; and in the same manner an admission by one is an admission by all; and the law raises the promise to pay when the debt is admitted to be due.". If this rule applies as to joint debtors there is no reason why it should not apply equally in case of joint and several debtors. And Judge Wallin said in the Grovenor Case that the holding in that case was based upon the theory that the relation of agency does not arise upon the mere relation of joint or joint and several debtors.

Neither is the plaintiff justified in his contention that the Grovenor Case was ill-considered. Reference to that portion of the Grovenor Case heretofore quoted, and an examination of the authorities therein cited in support of the rule adopted, discloses that fact. Though at the time that opinion was written there was a division of authority in the American courts on the question, yet the greater number then followed the rule adopted in that case. And the tendency since has been toward that rule. In addition to the authorities there cited, see Cowhick v. Shingle, 5 Wyo. 87, 63 Am. St. Rep. 17, 37 Pac. 689, 25 L.R.A. 608, and cases cited; Maddock v. Duncan, 65 Am. St. Rep. 678, and note (143 Mo. 613, 41 L.R.A. 581, 45 S. W. 688); Monidah Trust v. Kemper, 44 Mont. 1, 118 Pac. 811, Ann. Cas. 1912D, 1326; Williston, Contr. § 346, and cases cited; 37 C. J. 1183; 17 R. C. L. 912.

The plaintiff also contends that the case of Hansen v. Branner, 52 N. D. 892, 41 A.L.R. 814, 204 N. W. 856, supra, impliedly overrules the doctrine of the Grovenor Case. An examination of the Hansen Case, however, discloses that it does not. The Hansen Case merely holds that when a wife joins in a mortgage on homestead property to secure a debt of her husband evidenced by their joint note, that as long as the debt is kept alive by the husband who owes it, the mortgage remains in force even though the right of action on the joint note may be barred as against the wife. See also Ritzmuller v. Neuer, 130 Ill. App. 380.

The judgment will therefore be reversed and the case remanded with directions that judgment be entered in favor of the defendant Serina Logé.

BURKE, Ch. J., and BIRDZELL, CHRISTIANSON, and BURR, JJ., concur.