[File No. 6651.]

L. R. BAIRD, as Receiver of Farmers State Bank of St. Thomas, a Corporation, Appellant, v. G. H. LARSON; Roy H. Larson; Edwin L. Larson; George H. Larson; Arthur Larson; Stanley Larson; Robert Larson; Carl Larson; Elaine Larson; Alice Larson Glenn; Edna Larson Mohagen; Viola Larson; Julia Larson; Eda Larson; Edith L. Larson; Irene Larson; Kenneth E. Larson; Robert L. Larson; A. W. Grandy, the Heirs at Law, Next of Kin, Devisees, Legatees and Creditors of Christina Larson, Deceased; the Heirs at Law, Next of Kin, Devisees, Legatees and Creditors of Edwin Larson, Deceased; and All Persons Unknown Claiming Any Estate or Interest in or Lien or Encumbrance upon the Real Estate Described in the Complaint, Respondents.

(291 N. W. 545.)

Opinion filed April 2, 1940.

*Traynor & Traynor, for appellant.*

*Gray & Nordmarken* and *A. L. Miller,* for respondents.

MORRIS, J. This is an action to foreclose a real estate mortgage on a lot in the city of St. Thomas in Pembina county. The mortgage is dated July 24, 1914, and was given by G. H. Larson and Christina Larson, his wife, as mortgagors to Farmer's State Bank at St. Thomas, mortgagee, to secure a promissory note for $1,200. The note bears indorsements of payments on principal or interest, the last indorsement being on January 15, 1928. The balance of the indebtedness was renewed by a note dated January 16, 1928, and signed by G. H. Larson, alone, for the sum of $390.

At the time the mortgage was executed G. H. Larson was the title owner. On July 20, 1923, he deeded the premises to Christina Larson who died November 16, 1926. Her estate has never been probated. She left as heirs-at-law her husband, G. H. Larson, and twelve chil-

dren. One of these children has since died leaving three heirs-at-law. All of these children and grandchildren together with the husband, G. H. Larson, are made parties defendant in this case. Upon the death of Christina Larson her husband became entitled to an undivided one third and the children to an undivided two thirds of the property herein involved under the laws of descent and distribution of this state. He still owned that interest at the time this action was instituted. The trial court held that the execution of this note by G. H. Larson only bound him personally and did not in any way bind the estate or other heirs of Christina Larson and did not toll the running of the statute of limitations against the mortgage except as to the interest of G. H. Larson in the premises. The court having determined that the ten-year statute of limitations had run as to all of the defendants except G. H. Larson decreed foreclosure only as to his undivided one-third interest. He further decreed that the defendants other than G. H. Larson take and hold as owners thereof collectively an undivided two-thirds interest in the premises free from any lien of the mortgage.

The plaintiff who is the receiver of the original mortgagee appeals and presents two contentions in this court. The first contention deals with the application of the statute of limitations. He asserts that the renewal note executed by G. H. Larson tolls the running of the statute of limitations upon the mortgage and as to the interest of all of the defendants in the land described therein, and that the court erred in refusing to decree foreclosure as against the interest of all defendants.

The plaintiff also contends that the court erred in failing to make findings of fact and conclusions of law to the effect that the holder of the sheriff's certificate on foreclosure of this mortgage is entitled to the rents and profits and the value of the use and occupation of the premises during the period of redemption, the point being that when the mortgage was executed and delivered in 1914 the holder of the sheriff's certificate in event of foreclosure was so entitled, the law not being changed in this respect until July 1, 1919. As to the last contention the respondent asserts that the point raised is not before this court since it was not at issue.

We will first consider the defense of statute of limitations. This defense is based upon §§ 7374 and 7381, N. D. Compiled Laws 1913.

Under these sections the period within which an action to foreclose a mortgage may be instituted is limited to ten years from the time the cause of action to foreclose accrued. If there has been no extension of either the debt or mortgage by part payment or otherwise, the cause of action accrues when the debt matures. McCarty v. Goodsman, 39 N. D. 389, 167 N. W. 503, L.R.A.1918F, 160. The original note that was secured by this mortgage was due July 24, 1917. The last indorsement on the note shows a payment on January 15, 1928. Christina Larson died November 16, 1926. On that date her children as her heirs-at-law became the owners of a two-thirds interest in the property covered by the mortgage. The action to foreclose was commenced in September, 1938, more than ten years after the last indorsement on the original note and more than ten years after the Larson children became the owners of a two-thirds interest in the property. G. H. Larson, the original mortgagor, was the owner of the property at the time the mortgage was executed but subsequently deeded the property to his wife. He again became the owner of a one-third interest in the property upon her death. He executed a renewal note for the balance of the original debt on January 16, 1928, which note was due January 15, 1929. A part of this indebtedness was again renewed by G. H. Larson by another note dated October 31, 1935. Thus it appears that before the ten-year statutory period had run against the mortgage, one of the original debtors and mortgagees renewed the debt by giving his individual note at a time when he was the owner of an undivided one-third interest in the property covered by the mortgage. The fundamental question then is, whether this action on the part of G. H. Larson tolled the statute of limitations as to the entire property described in the mortgage or only as to his one-third interest therein. The property never was a homestead of the mortgagors.

In Grovenor v. Signor, 10 N. D. 503, 88 N. W. 278, it was held that a payment by one joint debtor does not interrupt the running of the statute of limitations as against another joint debtor where the payment was not made with the authority or consent of the other joint debtor. The rule in this case was approved and applied to the liability of makers of a joint and several note in Langlie v. Loge, 59 N. D. 399, 230 N. W. 211, 71 A.L.R. 373; and Baird v. Herr, 64 N. D. 572, 254 N. W. 555.

It is the contention of the children that these cases not only govern the applicability of the statute of limitations to the extension of notes, but must also be applied to the extension or renewal of mortgages. They assert that the cause of action to foreclose the mortgage accrued as to them not later than November 16, 1926, the date of death of Christina Larson, and that there was thereafter no one in authority to extend the time for foreclosure of the mortgage as to them, and that the statute of limitations became a bar to such foreclosure on November 16, 1936.

In support of their contention they cite Paine v. Dodds, 14 N. D. 189, 103 N. W. 931, 116 Am. St. Rep. 674. In that case it is held that where the mortgagor died intestate before the maturity of the mortgage debt the cause of action accrued against the heirs when the debt matured. The court permitted a grantee of mortgaged premises to add to the time the statute of limitations had run in his favor since he acquired the land the time it had run in favor of its grantors in order to make up the aggregate period required to bar the action to foreclose. In that case the debt had not been renewed either by payment or by agreement.

In this case the question is not whether the cause of action accrues against the heirs but is whether after the cause of action has accrued against them one of the heirs, who was an original obligor on the note and original mortgagor, may toll the statute as to all the heirs with regard to the mortgage by renewing the note.

In Hansen v. Branner, 52 N. D. 892, 204 N. W. 856, 41 A.L.R. 814, this court held that where a wife joins in a mortgage on the homestead property owned by the husband to secure the husband's debt evidenced by their joint note, partial payments on the note by the husband which extend the right of action upon the note as to him also extend the time within which an action may be brought to foreclose the mortgage even though the payment does not toll the running of the statute of limitations in favor of the wife upon the note.

Other cases decided by this court disclose a basis of reasoning adverse to that which the defendants would apply in this case in sustaining their contention that the statute of limitations bars the foreclosure action as against them. In Omlie v. O'Toole, 16 N. D. 126, 112 N. W.

677, the wife had joined the husband in the execution of a mortgage on the homestead given to secure his debt. The homestead was in the name of the husband who made a payment thereon. Later the husband died and in the foreclosure action against the wife she set up the statute of limitations. The court held that payment on the debt or other acts which interrupted the running of the statute of limitations on the debt likewise interrupted the running of the statute of limitations on the mortgage. The court cited with approval Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289, as upholding this conclusion.

From these authorities it appears that although the payment by one of two makers of a joint and several note does not suspend the running of the statute of limitations in favor of the other on the note, it nevertheless may suspend the statute of limitations as to both parties to a mortgage securing the debt.

In the case at bar the mortgage was extended not by payment but by the giving of a renewal note. It would seem, however, that the same rule should apply with reference to the running of the statute of limitations on a mortgage as would apply to the case of payment.

In the case before us the party who made the extension note is one of the original parties to the debt and mortgage. The parties who seek the favor of the statute of limitations are not parties to either the debt or mortgage. They have acquired an interest in the property described in the mortgage by inheritance from Christina Larson who was one of the parties to the debt and mortgage. The question of their right to plead the statute of limitations while analogous to some of the cases previously decided by this court presents some aspects that have not heretofore been presented.

The children acquired their interest in the property covered by the mortgage not by any contract with the original mortgagor and owner, but by operation of law. They acquired the property without assuming the debt against it. The debt is not their personal obligation. At the time they received their interest in the property it was subject to the debt. The value of their interest was diminished by the amount of the debt. If they may now avail themselves of the statute of limitations, their interest in the property will be augmented by the amount of the debt which the statute bars. Their inheritance will be increased

by that amount.· The increase will not be due to appreciation in the value of the property but to the statute which they will be permitted· to assert unless the note given by the original debtor tolls the statute as to them. According to an ancient maxim "equity follows the law," but there are times when equity must walk beside the law and point the way. The mortgage constituted a contract for the security of the debt. The debt has been neither paid nor barred by the statute. Those who inherited the property subject to the mortgage may not plead the statute in diminution of the security.

In Perry v. Horack, 63 Kan. 88, 64 P. 990, 88 Am. St. Rep. 225, a mortgage had been executed by the husband and wife on the homestead. After the husband's death the wife made payments on the note and mortgage. The heirs of the husband consisted of the wife and three minor children. An action to foreclose the mortgage was brought. The children pled the statute of limitations. The plaintiff contended that the payment by the wife tolled the statute of limitations as to the children as well as to herself. The trial court held that the payment did not toll the statute as to the children and decreed foreclosure as to the wife's interest only. Upon appeal the supreme court of Kansas held that the mortgage was a lien upon the entire farm and enforceable against it and that payment by the widow kept the debt alive. The court, however, considered the fact that the homestead is an entirety and there is a unity of interest among those entitled to share it, and that although the minors were not parties to the note and mortgage they inherited the land subject to the lien.

In Jackson v. Longwell, 63 Kan. 93, 64 P. 991, the husband and wife executed a joint mortgage upon real estate belonging to the wife. Payments were made by the husband without her knowledge or consent. The court held as we have held in Langlie v. Loge, 59 N. D. 399, 230 N. W. 211, 71 A.L.R. 373, supra, that the payment by one of two joint and several makers does not suspend the running of the statute of limitations as to the other on the note. As to the wife's liability on the mortgage, the court said, "The second contention is that, inasmuch as the statute of limitations had excused Mrs. Jackson from personal liability on the first note, and as the property mortgaged to secure that note was her individual property, therefore no foreclosure could be had of the mortgage which secured that note. We cannot give

this contention our approval. This note in question was a joint and several obligation of both of the defendants. Mrs. Jackson mortgaged her property not only to secure the joint obligation of herself and husband, but the obligation of each severally. The mortgage secured the obligaion of the husband as fully as it secured the obligation of the wife. Of course, if the note had been barred as to both, then there would have remained no obligation to enforce; but, until the obligation of both was discharged by payment or otherwise, the lien of the mortgage remained enforceable. The statute of limitations, having run in favor of Mrs. Jackson, discharged her from personal liability on the note, and therefore she sustained the same relation to the note as though she had never signed it; but this in no way affected her agreement that her property should be subjected to the payment of her husband's debt, evidenced by the note, and the case remained the same as though he only had signed the note when it was made, and both had at that time given a mortgage to secure such note."

That case does not involve a homestead. The result as to the effect of the statute of limitations on the mortgage is the same as that arrived at by this court in Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677, supra, and Hansen v. Branner, 52 N. D. 892, 204 N. W. 856, 41 A.L.R. 814, supra. See also Lawton v. Adams, 13 Ohio C. C. 233, 7 Ohio C. D. 129; Chinnery v. Evans, 11 H. L. Cas. 115, 11 Eng. Reprint, 1274; Roddam v. Morley, 1 DeG. & J. 1, 44 Eng. Reprint, 622, 16 Eng. Rul. Cas. 273. From these authorities from our own state and elsewhere we arrive at the conclusion that although renewal or payment by one of two makers of a joint and several note does not suspend the running of the statute of limitations upon the note in favor of the other, it does suspend the running of the statute of limitations upon a joint mortgage given to secure the debt. If Christina Larson were living the renewal note given by her husband would toll the statute of limitations upon the mortgage as to both parties thereto.

In this case her heirs seek to assert the statute of limitations as a bar to foreclosure to the extent of their interest in the property which they inherited from her more than ten years before the action was commenced. We must now determine whether we must apply the same rules to her heirs as would apply in event Christina Larson were living. When they inherited their interest in the property it was subject to the

mortgage in its entirety. G. H. Larson renewed the note before the statute of limitations had run against either the debt or the mortgage. When the renewal was made the interest of the heirs was subject to the lien of the mortgage which was then in default. The mortgage at that time could have been foreclosed against all of the security. Instead of foreclosing, the mortgagee renewed the debt by taking the note of the surviving debtor.

The complaint alleges that the mortgage was given prior to July 1, 1919, and that the holder of the sheriff's certificate of sale is entitled to rents and profits and the value of use and occupation of the premises during the year of redemption. This allegation is denied by the general denial contained in the answer, thus an issue was presented by the pleadings with reference to the right of the purchaser at the sale to the rents and profits and the value of the use and occupation of the premises during the redemption period. The proof sustained the allegation of the complaint. At the time the mortgage was given, § 7762, N. D. Compiled Laws 1913, was in effect and its provisions are applicable to determine the rights of the holder of the certificate of sale during the period of redemption. Kuiper v. Miller, 53 N. D. 711, 207 N. W. 489; Great Northern State Bank v. Lindvold, 57 N. D. 610, 223 N. W. 345.

The judgment appealed from is modified so as to decree foreclosure as to the interests of all of the defendants in Lot 5, Block 2, of the city of St. Thomas, Pembina county, North Dakota, and to provide that the rights to rents and profits or the value of the use and occupation of the premises during the year of redemption are governed by § 7762, N. D. Compiled Laws 1913, and as so modified, the judgment is affirmed.

Nuessle, Ch. J., and Christianson, Burr, and Burke, JJ., concur.