[File No. 6693.]

L. R. BAIRD, as Receiver of the Farmers Bank in Leonard, Respondent, v. C. J. BARTHOLOMAY, Emma R. Bartholomay, Arthur Bartholomay, Lydia Underferth, Agnes Quam, Lola Bartholomay, Daniel Bartholomay, Sometimes Known as Dannie Bartholomay, Theodore Bartholomay, Sometimes Known as Theadore Bartholomay, Orlie Bartholomay and C. J. Bartholomay as Guardian ad Litem of Orlie Bartholomay, a Minor, Appellants.

(294 N. W. 367.)

Opinion filed October 11, 1940.    Rehearing denied October 29, 1940.

*W. J. Kelly,* for appellants.

*Conmy & Conmy,* for respondent.

BURR, J. This is an action to foreclose a chattel mortgage executed and delivered to the plaintiff to secure the payment of a promissory note for $946.65 with interest at 8 per cent per annum until paid, and due on October 1, 1931. No part of the principal or interest has been paid.

The complaint alleged the note was due on October 1, 1932, basing this upon a notation in the body of the note—"Due Oct. 1 —, 1932." The note is dated May 14, 1931, and specifies that it is due on October first after date. The mortgage given to secure the note describes the note as being due on October 1, 1931; and the court so found, considering the notation as containing an error. The only reason for contention over the discrepancy was the effect it might have upon the running of the statute of limitations. The mortgage was filed in May, 1931, and an affidavit of renewal was filed on April 28, 1934. The summons is dated April 23, 1938, and the complaint, April 25, 1938. Both were served upon the defendants on April 30, 1938.

The plaintiff asks for judgment against C. J. Bartholomay for the amount due on the note, and that the court order foreclosure of the chattel mortgage.

An answer was interposed, alleging, among other things, that any cause of action which accrued upon the note is barred by the statute of limitations, and that any cause of action which accrued for the foreclosure of the mortgage is also barred by the statute of limitations.

The court found that the statute of limitations had run so far as judgment on the note was concerned, but held that the statute of limitations had not run against an action to foreclose the chattel mortgage, and ordered judgment for foreclosure. Judgment was entered accordingly, and the defendants appeal:

In their brief, appellants state: "The note which was secured by the mortgage, was due Oct. 1st, 1931; it was not paid at that time or any other time; . . . there never was any payment made upon the said note or mortgage. Hence, although there are intermediate matters that have arrisen (arisen) in the determination of this action, yet there is only one issue, as follows:—

. . . . . . . . . .

"1. Had the Statute of Limitations run sufficiently against the instant mortgage before the action to foreclose was commenced."

Chapter 4 of the Code of Civil Procedure makes provision for the "Time of Commencing Actions," and § 7358 therein provides: "Civil actions can only be commenced within the periods prescribed in this Code after the cause of action shall have accrued. . . ."

Appellants urge that an action to foreclose a chattel mortgage is gov-

erned by § 7375 of the Code, being part of this chapter 4. Section 7375, subd. 1—being the subdivision relied upon by the appellants— provides: "An action upon a contract, obligation or liability, express or implied, excepting those mentioned in § 6762" of the Compiled Laws 1913, must be commenced within six years from the time the cause of action accrued. Appellants' contention is that the cause of action on the contract .set forth in the chattel mortgage accrued on October 1, 1931, the day the note became due, and therefore this action is barred by the statute of limitations, not having been commenced on or before October 1, 1937, and there having been no payment made on the principal and interest.

The running of the statute of limitations does not render a contract void. It would be enforceable unless the defense of the statute of limitations is raised in the answer.

Section 7375 of the N. D. Compiled Laws 1913, deals merely with the time for the commencement of an action. It is a statute of limitations. It has nothing to do with the validity of contracts; nor does it purport to prescribe the period of the statute of limitations for such contracts and obligations as are "mentioned in § 6762."

The contracts "mentioned" in § 6762 are mortgages on personal property. While this section does not purport to be a statute of limitations, nevertheless, the contracts mentioned in this section are expressly excepted from the provisions of § 7375. Thus we must look to a section other than § 7375 to ascertain the statute of limitations dealing with such contracts as chattel mortgages.

On the trial of the case, much stress was laid upon the provisions of chapter 175 of the Session Laws of 1927. This chapter is an amendment to § 6762. The exception specified in § 7375 applies to the amendment. This chapter 175 is no more a statute of limitations than is the amended section. It deals with the status of chattel mortgages, and determines their effect against creditors of the mortgagor, etc., and also the validity of the mortgage after the expiration of certain definite periods. It provides that a mortgage once renewed "shall become void as against all persons at the end of nine years" from the time of filing, and also affects the status of unrenewed mortgages and mortgages that have been twice renewed, prescribing when they become

void. These provisions are among the main features of the amendment.

The filing of a chattel mortgage does not affect the contract as between the mortgagor and the mortgagee. Its purpose is to give to the world notice of the existence of the lien, and this "notice" affects subsequent creditors and encumbrancers in good faith after the period during which the notice holds good. The filing ceases to be notice to the world after the expiration of this period unless the mortgage be renewed, but the contract between the parties remains the same. However, the amendment to § 6762 makes a radical change in the character of the contract, whether filed or not filed. It makes all such contracts void under certain conditions and after the expiration of certain periods. It deals with the character of the contract, not with the time of commencing an action to enforce the contract. In the case at bar, there would be no contract between the mortgagors and the mortgagee after the expiration of the nine years. Therefore, no action could be maintained, for no contract would exist.

While § 7375 excepts the contracts mentioned in § 6762 of the N. D. Compiled Laws 1913, and this section deals primarily with the renewal of chattel mortgages and the effect on subsequent creditors, etc., nevertheless, it is the amended section that was in force when the chattel mortgage involved herein was executed and delivered; and therefore we are not concerned with whether the exception stated in § 7375 covered renewed mortgages only when § 6762 was unamended. The exception stated in § 7375 now covers all chattel mortgages described in chapter 175 of the Session Laws of 1927.

It is clear the six-year limitation does not apply to chattel mortgages; and therefore, to ascertain the time for commencing an action to foreclose a chattel mortgage, we must refer to the provisions of some other section, if any exists.

Chapter 4 of the Code of Civil Procedure deals, as stated, with the time of the commencement of actions. After making provision for specific dates for certain actions, specifying them, it supplies a general blanket provision in § 7381, which provides: "An action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued." No other section dealing

with the time for commencing an action to foreclose a chattel mortgage has been called to our attention, and we find none. Our Code clearly intends the provisions of § 7381 to apply to all actions not otherwise specifically referred to.

The trial court found that the action to recover personal judgment on the promissory note was barred by the statute of limitations, the defense having been properly raised by answer as provided in § 7358. But the running of the statute against the cause of action for judgment on the note does not bar an action for the foreclosure of the mortgage.

In McCarty v. Goodsman, 39 N. D. 389, 167 N. W. 503, L.R.A. 1918F, 160, we show that "for the purpose of applying the Statute of Limitations, the cause of action to foreclose a mortgage is to be considered independently, and is not affected by the Statute of Limitations barring an action to enforce a personal liability upon the notes secured by the mortgage."

It is true that case was dealing with the foreclosure of a mortgage on real estate, and for such cases § 7374 of the N. D. Compiled Laws 1913, prescribes ten years as the period within which an action "for the foreclosure of a mortgage upon real estate" may be commenced. But the reasoning in that case is applicable to the foreclosure of a chattel mortgage under the provisions of § 7381 of the Code. The contract in the note and the contract in the chattel mortgage are separate contracts, each being governed by its own statute of limitations, though the tolling of the statute on the note affects the tolling of the statute on the mortgage. See Baird v. Larson, 69 N. D. 795, 291 N. W. 545; Hansen v. Branner, 52 N. D. 892, 204 N. W. 856, 41 A.L.R. 814. In other words, an action to foreclose a chattel mortgage may be commenced within ten years because of the contract set forth therein, no other period being prescribed, and the period of six years specified in § 7375 not being applicable to chattel mortgages.

Chapter 175 of the Session Laws of 1927, amending § 6762 of the N. D. Compiled Laws 1913, was in existence when this mortgage was executed. As noted, this mortgage was renewed. This action was commenced before the expiration of nine years from the date of the filing of the mortgage; and therefore, the contract set forth in the

mortgage was not void when the action was commenced, even as between the mortgagors and the mortgagee. The defense of the running of the statute of limitations is not available to the appellants here.

The judgment is affirmed.

NUESSLE, Ch. J., and MORRIS, BURKE, and CHRISTIANSON, JJ., concur.